

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FEDERAL TRADE COMMISSION, and**

**OFFICE OF THE ATTORNEY GENERAL,
STATE OF FLORIDA, DEPARTMENT OF
LEGAL AFFAIRS,**

        **Plaintiffs,**

   **vs.**

Case No. 6:16-cv-00982-CEM-TBS

**LIFE MANAGEMENT SERVICES OF
ORANGE COUNTY, LLC, a Florida limited
liability company,** *et al.,*

        **Defendants.**

## STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANTS KEVIN W. GUICE, ROBERT GUICE, AND TIMOTHY WOODS

This matter comes before the Court upon agreement of the Plaintiffs, the Federal

Trade Commission ("FTC") and the Office of the Attorney General, State of Florida,

Department of Legal Affairs ("State of Florida"), Defendant Kevin W. Guice, and Relief

Defendants Robert Guice and Timothy Woods (collectively, "Stipulating Defendants") for

the entry of a Preliminary Injunction against Stipulating Defendants.

On June 7, 2016, Plaintiffs filed their Complaint for Permanent Injunction and Other

Equitable Relief ("Complaint"), pursuant to Section 13(b) of the Federal Trade Commission

Act ("FTC Act"), 15 U.S.C. § 53(b), the Telemarketing and Consumer Fraud and Abuse

Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and the Florida Deceptive

and Unfair Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida Statutes (2015)

1



(Dkt. 1), and moved *ex parte,* pursuant to Federal Rule of Civil Procedure 65(b), for a Temporary Restraining Order, Asset Freeze, Appointment of a Temporary Receiver, Immediate Access, Other Equitable Relief, and an Order to Show Cause Why a Preliminary Injunction Should Not Issue (Dkt. 11). The Court, having considered the Complaint, Plaintiffs' motion for a Temporary Restraining Order, and the memorandum and exhibits filed in support thereof, issued a Temporary Restraining Order against all Defendants, including the Stipulating Defendants on June 8, 2016. (Dkt. 36).

Plaintiffs and Stipulating Defendants, acting by and through their counsel, have consented to entry of this Order, to remain in effect until the final resolution of this matter until further Order of this Court. The Court finds that:

## I. FINDINGS

A. This Court has jurisdiction over the subject matter of this case, and jurisdiction over all Stipulating Defendants, and venue in this district is proper;

B. There is good cause to believe that Defendant Kevin Guice has engaged in, and in the future is likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the FTC's Trade Regulation Rule entitled the "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310; and FDUTPA, and that Plaintiffs are therefore likely to prevail on the merits of this action;

C. There is good cause to believe that immediate and irreparable harm will result from Defendant Kevin Guice's ongoing violations of the FTC Act, the TSR, and Section 501.204 of the FDUTPA unless Defendant Kevin Guice is restrained and enjoined by Order of this Court;

2



D.   There is good cause to believe that Stipulating Defendants Robert Guice and Timothy Woods have received funds that can be traced directly to Defendants' deceptive acts or practices, and that they have no legitimate claim to those funds;

E.   There is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief for consumers (including monetary restitution, rescission, disgorgement, or refunds) will occur from the sale, transfer, destruction, or other disposition or concealment by Stipulating Defendants unless Stipulating Defendants are immediately restrained and enjoined by Order of this Court. There is thus good cause for an asset freeze.

F.   Weighing the equities and considering Plaintiffs' likelihood of ultimate success on the merits, it is in the public interest that the Court enter an *ex parte* Preliminary Injunction;

G.   No security is required of any agency of the United States for issuance of a preliminary injunction. Fed. R. Civ. P. 65(c). For the reasons stated in the State of Florida's motion for a waiver of the security requirement, the State of Florida is not required as a co-Plaintiff with the FTC to give security before the issuance of this preliminary injunction. (Dkt. 35); and,

H.   Notwithstanding the foregoing, nothing in this Stipulated Preliminary Injunction shall be deemed an admission to any of the allegations of the Complaint, the Findings herein (with the exception of subsection A), or as a waiver of any of Stipulating Defendants' rights or legal privileges.

3



## II.   DEFINITIONS

For the purpose of this Temporary Restraining Order ("Order"), the following definitions shall apply:

A.   **"Corporate Defendants"** means Life Management Services of Orange County, LLC, Loyal Financial & Credit Services, LLC, IVD Recovery, LLC, KWP Services, LLC, KWP Services of Florida LLC, LPSofFLA LLC, LPSofFlorida L.L.C., PW&F Consultants of Florida LLC, UAD Secure Service of FL LLC, UAD Secure Services LLC, URB Management, LLC, YCC Solutions LLC, and YFP Solutions LLC, and their divisions, subsidiaries, affiliates, predecessors, successors, and assigns, and any fictitious business entities or business names created or used by these entities, or any of them.

B.   **"Debt-Relief Product or Service"** means any product, service, plan, or program represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt or obligation between a Person and one or more creditors or debt collectors, including a reduction in the balance, interest rate, or fees owed by a Person to a creditor or debt collector.

C.   **"Defendants"** means all of the Individual Defendants and Corporate Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known.

D.   **"Individual Defendants"** means Kevin W. Guice, Chase P. Jackowski, Linda N. McNealy, Clarence H. Wahl, and Karen M. Wahl, and by whatever other names each may be known.

4



E.   "National Do Not Call Registry" means the registry of telephone numbers maintained by the FTC, pursuant to Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(l)(iii)(B), of Persons who do not wish to receive Outbound Telephone Calls to induce the purchase of goods or services.

F.   "Outbound Telephone Call" means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

G.   "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

H.   "Receiver" means the individual appointed as temporary receiver by the Court on June 8, 2016, and any deputy receivers that shall be named by the temporary receiver. "Receiver" shall also mean any permanent receiver appointed by the Court, and any deputy receiver that shall be named by the permanent receiver.

I.   "Relief Defendants" means Robert Guice and Timothy Woods.

J.   "Representatives" means Defendants' officers, agents, employees, attorneys, or any other Person in active concert or participation with any of them who receive actual notice of this Order.

K.   "Telemarketer" means any Person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

L.   "Telemarketing" means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more

5



telephones.

### III.   PROHIBITED BUSINESS ACTIVITIES

It is hereby **ORDERED** that Stipulating Defendants and Stipulating Defendants'
Representatives, whether acting directly or indirectly, in connection with promoting or
offering for sale any good or service, including any Debt-Relief Product or Service, are
restrained and enjoined from:

A.   Misrepresenting, or assisting others in misrepresenting, expressly or by implication,
any of the following:

1.   That consumers who use Defendants' services will have their credit-card
interest rates reduced substantially and permanently;

2.   That consumers who use Defendants' services will save thousands of dollars
in a short time;

3.   That consumers who use Defendants' services will be able to pay off their
credit-card debts much faster, typically three to five times faster;

4.   That Defendants can obtain money from a government fund, paid for by
credit-card companies, that Defendants will use to pay off consumers' credit-
card debts within 18 months;

5.   That Defendants are representatives of, or otherwise affiliated with,
consumers' banks or other credit-card issuers, or credit-card associations such
as MasterCard and Visa; or

6.   Any other fact material to consumers concerning any good or service, such as:

6



the total cost; any material restrictions, limitations or conditions; or any

material aspect of the benefits, performance, efficacy, nature, or central

characteristics of the good or service;

B.     Representing, or assisting others in representing, expressly or by implication, the

benefits, performance, efficacy, nature or central characteristic of any good or

service, unless the representation is true, and, at the time such representation is made,

Defendants possess and rely upon competent and reliable evidence to substantiate that

the representation is true; and

C.     Failing to disclose, or disclose adequately, the material terms and conditions of

Defendants' offer, including that Defendants' services may result in a consumer

having to pay a variety of fees to credit-card issuers including, among others,

balance-transfer fees.

### IV.     PROHIBITIONS REGARDING TELEMARKETING

It is **FURTHER ORDERED** that Stipulating Defendants and Stipulating

Defendants' Representatives, whether acting directly or indirectly, in connection with

Telemarketing of any product or service, including any Debt-Relief Product or Service, are

restrained and enjoined from:

A.     Initiating, or causing others to initiate, an Outbound Telephone Call:

1.     That misrepresents, directly or by implication, any material aspect of any

Debt-Relief Product or Service, including the amount of money or the

percentage of the debt amount that a consumer may save by using such

7



service and the amount of time necessary to achieve the represented results;

2.    That misrepresents, directly or by implication, an affiliation with consumers' banks or other credit-card issuers, or credit-card associations such as MasterCard and Visa;

3.    That fails to disclose, in a clear and conspicuous manner, that any Debt-Relief Product or Service might result in a consumer having to pay additional fees to a credit-card issuer;

4.    That fails to disclose that any Debt-Relief Product or Service that relies upon a consumer's failure to make timely payments to creditors or debt collectors, will likely adversely affect the consumer's creditworthiness, may result in the consumer being subject to collections or sued by creditors or debt collectors, and may increase the amount of money the consumer owes due to the accrual of fees and interest;

5.    To a Person whose telephone number is on the National Do Not Call Registry;

6.    That delivers a prerecorded message; or

7.    To a telephone number within a given area code when Defendants have not, either directly or through another Person, paid the required annual fee for access to the telephone numbers within that area code that are included on the National Do Not Call Registry;

B.    Requesting or receiving payment of any fee or consideration from a consumer for any Debt-Relief Products or Services until and unless Defendants have renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a

settlement agreement, debt management plan, or other such valid contractual agreement executed by the consumer and the consumer has made at least one payment pursuant to that settlement agreement, debt management plan, or other valid contractual agreement between the consumer and the creditor or debt collector.

## V.   ASSET FREEZE

It is **FURTHER ORDERED** that Stipulating Defendants, and their Representatives, whether acting directly or indirectly, are restrained and enjoined from:

A.   Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the United States, that are: owned, controlled, or held, in whole or in part, by any Defendant or Relief Defendant;

   1.   held, in whole or in part, for the direct or indirect benefit of, any Defendant or Relief Defendant;

   2.   in the actual or constructive possession of any Defendant or Relief Defendant;

   3.   held by an agent of any Defendant or Relief Defendant as a retainer for the agent's provision of services to Defendants or Relief Defendants;

   4.   owned or controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or

9



controlled by any Defendant or Relief Defendant, or of which any Defendant or Relief Defendant is an officer, director, manager, or member. This includes, but is not limited to, any assets held by, for, or subject to access by, any Defendant or Relief Defendant at any bank, credit union, or savings and loan institution, or at/with any broker-dealer, retirement fund custodian, money market or mutual fund, trustee, escrow agent, title company, insurance company, commodity trading company, precious metal dealer, payment processor, credit card processor, acquiring bank, merchant bank, independent sales organization, third party processor, payment gateway, automated clearing house processor, network transaction processor, bank debit processing agent, or other financial institution or depository of any kind, either within or outside the United States; or

5.     held in any account for which any Defendant or Relief Defendant is, or was on the date that the TRO was signed, an authorized signer;

B.     Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or Relief Defendant, either individually or jointly, or subject to access by, or under the control of, any Defendant or Relief Defendant unless otherwise directed by the Receiver;

C.     Incurring liens or other encumbrances on real-property, personal property, or other assets in the name, individually or jointly, of any Defendant or Relief Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or Relief Defendant;



D.   Incurring charges or cash advances on any credit or bank-card issued in the name of any Corporate Defendant, or for which payment is guaranteed by any Corporate Defendant. This includes, but is not limited to, any corporate bank card or corporate credit card account held by any Corporate Defendant and for which any Defendant or Relief Defendant is, or was on the date that this Order was signed, an authorized signer; and

E.   Cashing any checks or depositing or processing any payments from consumers, clients, or customers of any Defendant;

**PROVIDED** that the funds, property, and assets affected by this Section shall include all assets of all Stipulating Defendants: (1) existing as of the date this Order was entered; or (2) acquired after entry of this Order from any activity that is the subject of, or is prohibited by, this Order. Notwithstanding the foregoing, Relief Defendants shall be permitted to withdraw and pay for reasonable and necessary attorney's fees for the representation of Stipulating Defendants in this matter. Said withdrawals may only be made from their respective Qualified Retirement Plans. Qualified Retirement Plans are defined as, and limited to, (1) Robert Guice's Merrill Lynch Retirement Account number ending in 4A10; and (2) Timothy Woods' AT&T Bell South Savings & Security Plan, account number ending in **75. The corresponding payments from the Qualified Retirement Plan shall be made payable only to counsel for Stipulating Defendants and shall not be used for any other purpose. Further, Relief Defendants shall not make new deposits to their respective Qualified Retirement Plans and Relief Defendant Robert Guice shall not be permitted to allow his Qualified Retirement Plan balance to be less than $1,000.00 until further Order of this Court."

11



## VI.   DUTIES OF HOLDERS OF DEFENDANTS' AND RELIEF DEFENDANTS' ASSETS

It is **FURTHER ORDERED** that any Person that: (a) is served with a copy of this Order or has actual or constructive knowledge of this Order; and (b) holds, controls, or maintains custody of, or has held, controlled, or maintained custody of at any time since January 2011, any account or asset (including reserve funds held by payment processors, credit-card processors, payment merchant banks, acquiring banks, independent sales organizations, third-party processors, payment gateways, insurance companies, or other entities) of any Stipulating Defendant, Relief Defendant, or any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Stipulating Defendant or Relief Defendant, or of which any Stipulating Defendant or Relief Defendant is an officer, director, manager, or member shall:

A.    Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, liquidation, or other disposal of any such accounts or assets, as well as all documents or other property related to such accounts or assets;

B.    Deny any Person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Stipulating Defendant, either individually or jointly, or otherwise subject to access by any Defendant or Relief Defendant;

C.    Provide Plaintiffs' counsel and the Receiver, within five (5) days of receiving a copy of this Order, a sworn statement setting forth:

1.    the identification number of each such account or asset;



2.      the balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served and, if the account or asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the Person or entity to whom such account or asset was remitted; and

3.      the identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Stipulating Defendant, or is otherwise subject to access by any Stipulating Defendant; and

D.      Within five (5) days of a request from any Plaintiff or the Receiver, promptly provide Plaintiffs and the Receiver with copies of all records or other documents pertaining to such account or asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to such safe deposit boxes, commercial mail boxes, and storage facilities;

E.      Plaintiffs may properly serve this Order by facsimile transmission, hand delivery, or overnight carrier. This Section shall apply to existing accounts and assets, assets deposited or accounts opened after the effective date of this Order, and any accounts or assets maintained, held, or controlled since January 2011. This Section shall not prohibit transfers in accordance with any provision of this Order, any further order of the Court, or by written agreement of the parties.



## VII.   FINANCIAL REPORTS

It is **FURTHER ORDERED** that each Stipulating Defendant, within five (5) days of service of this Order upon them, unless previously submitted in full compliance with the TRO, shall prepare and deliver to Counsel for Plaintiffs and the Receiver, a completed financial statement, accurate as of the date of entry of this Order, on the forms served on Defendants with this Order for Individual Defendants, signed under penalty of perjury.

The financial statements shall include assets held outside the territory of the United States, and shall be verified under oath.  Stipulating Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements.

## VIII.   CONSUMER CREDIT REPORTS

It is **FURTHER ORDERED** that Plaintiffs may obtain credit reports concerning any Stipulating Defendant pursuant to Section 604(a)(l) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(l), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiffs.

## IX.   FOREIGN ASSET REPATRIATION

It is **FURTHER ORDERED** that within five (5) days following the service of this Order, each Stipulating Defendant shall:

A.      Provide Plaintiffs and the Receiver with a full accounting, verified under oath and

14



accurate as of the date of this Order, of all documents and assets located outside of the United States of America that are held by or for any Stipulating Defendant or are under any Stipulating Defendant's direct or indirect control, jointly, severally, or individually, including the names and addresses of any foreign or domestic financial institution or other entity holding the documents and assets, along with the account numbers and balances;

B.   Provide Plaintiffs and the Receiver access to all records of accounts or assets of any Stipulating Defendant held by Persons located outside the United States by signing and delivering to Plaintiffs' counsel and the Receiver the Consent to Release of Financial Records attached to the TRO; and

C.   Transfer to the United States and deliver to the Receiver all funds, documents, and assets located outside of the United States of America that are held by or for any Stipulating Defendant or are under any Stipulating Defendant's direct or indirect control, jointly, severally, or individually.

## X.   NON-INTERFERENCE WITH REPATRIATION

It is **FURTHER ORDERED** that Stipulating Defendants, and their Representatives, whether acting directly or indirectly, are restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section IX of this Order, including:

A.   Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has

15



occurred under the terms of a foreign trust agreement until such time that all assets
have been fully repatriated pursuant to Section IX of this Order; or

B.  Notifying any trustee, protector, or other agent of any foreign trust or other related
entities of either the existence of this Order, or of the fact that repatriation is required
pursuant to a court order, until such time that all Stipulating Defendants' assets have
been fully repatriated pursuant to Section IX of this Order.

## XI.  PRESERVATION OF RECORDS

It is **FURTHER ORDERED** that Stipulating Defendants, and their Representatives,
whether acting directly or indirectly, are restrained and enjoined from:

A.  Destroying, erasing, falsifying, writing over, mutilating, concealing, altering,
transferring, or otherwise disposing of, in any manner, documents, including
electronically stored materials, that relate to: (1) the business, business practices,
assets, or business or personal finances of any Defendant, Relief Defendant, or any
entity directly or indirectly under the control of any Defendant or Relief Defendant;
(2) any webpage or website operated, in whole or in part, on any Defendants' behalf;
and (3) any electronic communication sent or received by Defendants or Relief
Defendants; and

B.  Failing to create and maintain documents that, in reasonable detail, accurately, fairly,
and completely reflect Defendants' and Relief Defendants' incomes, disbursements,
transactions, and use of Defendants' and Relief Defendants' assets.

16



## XII.   REPORT OF NEW BUSINESS ACTIVITY

It is **FURTHER ORDERED** that Stipulating Defendants and their Representatives, whether acting directly or indirectly, are restrained and enjoined from creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing counsel for Plaintiffs with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, members, and employees; and (4) a detailed description of the business entity's intended activities.

## XIII.   PROHIBITION ON RELEASE OF CONSUMER INFORMATION

It is **FURTHER ORDERED** that Stipulating Defendants and their Representatives, whether acting directly or indirectly, are restrained and enjoined from directly or indirectly disclosing, using, or benefitting from customer information, including the name, address, telephone number, credit card number, bank account number, email address, or other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with any activity that pertains to Debt-Relief Services; provided, however, that Stipulating Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## XIV.  PROVISION OF INFORMATION TO RECEIVER

It is **FURTHER ORDERED** that Stipulating Defendants shall provide to the Receiver, immediately upon request, the following:

A.    A list of all assets and property, including accounts, of Corporate Defendants that are held in any name other than the name of a Corporate Defendant, or by any Person other than a Corporate Defendant; and

B.    A list of all agents, employees, officers, directors, managers, members, or those Persons in active concert and participation with Defendants, who have been associated or done business with Corporate Defendants. Such list should include every entity that provides leads to Corporate Defendants.

## XV.  COOPERATION WITH THE RECEIVER

It is **FURTHER ORDERED** that Stipulating Defendants, and their Representatives, and any other Person served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the assets and documents of Corporate Defendants. This cooperation and assistance shall include, but not be limited to: (A) providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; (B) providing any password required to access any computer, electronic file, or telephonic data in any medium; (C) advising all Persons who owe money to Corporate Defendants that all debts should be paid directly to the Receiver; and (D) transferring funds at the Receiver's direction and producing records related to the assets of Corporate Defendants. The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow

18



agents, title companies, commodity trading companies, precious ·metals dealers, credit card processors, payment processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, and other financial institutions and depositories of any kind, as well as all common carriers, telecommunications companies, and third-party billing agents.

## XVI.  NON-INTERFERENCE WITH THE RECEIVER

It is **FURTHER ORDERED** that Stipulating Defendants, and their Representatives, whether acting directly or indirectly, and all other Persons are restrained and enjoined from:

A.    Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the assets or documents subject to this receivership;

B.    Transacting any of the business of Corporate Defendants;

C.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, Corporate Defendants; and

D.    Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVII.  DISTRIBUTION OF ORDER BY DEFENDANTS

It is **FURTHER ORDERED** that Stipulating Defendants shall immediately provide a copy of this Order to each of their affiliates, Telemarketers, customer service agents, sale agents, distributors, subsidiaries, successors, assigns, officers, directors, members, managers, employees, independent contractors, client companies, agents, spouses, and attorneys, as well



as to any other Person who participates in Defendants' marketing, advertising, promotion, distribution, offer for sale, or sale of Debt-Relief Products or Services. Within five (5) calendar days following entry of this Order, Stipulating Defendants shall file with this Court and serve on Plaintiffs an affidavit identifying the name, title, address, telephone numbers, date of service, and manner of service of the persons and entities Stipulating Defendants have served with a copy of this Order in compliance with this provision.

## XVIII. EXPEDITED DISCOVERY

It is **FURTHER ORDERED** that, notwithstanding the time periods, notice provisions, and other requirements of Federal Rules of Civil Procedure 26(d), 26(f), 30(a)(2)(A), and 31(a)(2)(A), and pursuant to Federal Rules of Civil Procedure 30(a), 34, and 45, Plaintiffs and the Receiver are granted leave, at any time after entry of this Order, to conduct limited expedited discovery as to parties and non-parties for the purpose of discovering: (1) the nature, location, status, and extent of Stipulating Defendants' assets; (2) the nature and location of documents reflecting Stipulating Defendants' businesses, business transactions, and operations; (3) the telecommunications providers that Defendants utilize to conduct the practices alleged in Plaintiffs' complaint; (4) Stipulating Defendants' affiliates and subsidiaries; (5) the nature and location of any premises where Defendants, directly or through any third party, conduct business operations; (6) Defendants' whereabouts; (7) the applicability of any evidentiary privileges to this action; or (8) compliance with this Order. The limited expedited discovery set forth in this Section shall proceed as follows:

20



A.   Plaintiffs and the Receiver may, on seven (7) days' notice, take the deposition of any Person, whether or not a party, in any judicial district. Depositions may be conducted telephonically, by videoconferencing, or in person. Deposition transcripts that have not been signed by the witness may be used at the preliminary injunction hearing in this matter.

B.   Plaintiffs and the Receiver may serve interrogatories upon Stipulating Defendants and Stipulating Defendants shall respond within ten (10) days after Plaintiffs serve such interrogatories.

C.   Plaintiffs and the Receiver may, upon ten (10) days' notice, including through the use of a Rule 45 subpoena, demand the production of documents from any Person, whether or not a party, provided that seven (7) days' notice shall be deemed sufficient for the production of any such documents that are maintained or stored only in an electronic format.

D.   For purposes of discovery pursuant to this Section, service shall be sufficient if made by facsimile, by email, or by overnight courier.

E.   Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and Local Rules of this Court.

F.   The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Federal Rules of Civil Procedure 26(d) and (f).

## XIX. SERVICE OF THIS ORDER

It is **FURTHER ORDERED** that copies of this Order may be served by U.S. First Class Mail, overnight delivery, facsimile, email, or personal service, by agents or employees of Plaintiffs, by agents or employees of the Receiver, by any law enforcement agency, or by private process server, upon any Person that may have possession, custody, or control of any property, property right, document, or asset of any Stipulating Defendant, or that may be subject to any provision of this Order. Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XX. CORRESPONDENCE AND SERVICE ON PLAINTIFFS

It is **FURTHER ORDERED** that, for the purpose of this Order, because mail addressed to the FTC is subject to delay due to heightened security screening, all correspondence and service of pleadings on the FTC shall be sent either via electronic transmission or via Federal Express to:

> Tejasvi M. Srimushnam (tsrimushnam@ftc.gov)
> Joshua A. Doan (jdoan@ftc.gov)
> Federal Trade Commission
> 600 Pennsylvania Avenue NW
> Mail Stop CC-8563
> Washington, DC 20580
> (202) 326-2959 (Srimushnam phone)
> (202) 326-3187 (Doan phone)
> (202) 326-3395 (fax)

Any correspondence, papers, and pleadings related to this order must be served upon the State of Florida by overnight mail, electronic mail, courier delivery, or facsimile to:

> Jennifer Knutton (jennifer.knutton@myfloridalegal.com)
> Denise Beamer (denise.beamer@myfloridalegal.com)
> Office of the Attorney General

22



Consumer Protection Division
135 West Central Boulevard, Suite 670
Orlando, Florida 32801
Telephone: (407) 316-4840
Fax: (407) 245-0365

### XXI.   RETENTION OF JURISDICTION

It is **FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

all purposes.


DONE and ORDERED in Orlando, Florida on this ___30___ th of June, 2016.

The Honorable Carlos E. Mendoza
United States District Judge
Middle District of Florida

SO STIPULATED:

**ATTORNEYS FOR PLAINTIFFS**
Dated: June __, 2016.

Respectfully submitted,
DAVID C. SHONKA
Acting General Counsel

Tejasvi M. Srimushnam
Tel:  (202) 326-2959
E-mail: tsrimushnam@ftc.gov

Joshua A. Doan
Tel:  (202) 326-3187
E-mail:  jdoan@ftc.gov

Federal Trade Commission
600 Pennsylvania Ave., NW, Mail Stop H-286

Washington, DC 20580
Fax: (202) 326-3395

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

Dated: June 22, 2016.                   PAMELA JO BONDI
                                        Attorney General
                                        State of Florida


                                        Jennifer Hinton Knutton
                                        Assistant Attorney General
                                        Florida Bar # 92771
                                        Email: Jennifer.Knutton@myfloridalegal.com

                                        Denise Beamer
                                        Assistant Attorney General
                                        Florida Bar #69369
                                        Denise.Beamer@myfloridalegal.com

                                        Office of the Attorney General
                                        Consumer Protection Division
                                        135 W. Central Blvd., Suite 670
                                        Orlando, Florida 32801
                                        Telephone: (407) 316-4840
                                        Facsimile: (407) 245-0365

                                        Attorneys for Plaintiff
                                        OFFICE OF THE ATTORNEY GENERAL,
                                        STATE OF FLORIDA,
                                        DEPARTMENT OF LEGAL AFFAIRS


ATTORNEYS FOR STIPULATING DEFENDANTS
KEVIN GUICE, ROBERT GUICE, AND TIMOTHY WOODS

Date: June 22, 2016

                                        ANDREW COVE
                                        Florida Bar No. 562112

24

Cove & Associates, P.A.
225 S 21st Avenue
Hollywood, FL 33020
Telephone: 954-921-1121
Fax: 954-921-1621
anc@covelaw.com

STIPULATING DEFENDANTS
KEVIN GUICE, ROBERT GUICE, AND TIMOTHY WOODS

Dated: June 21, 2016.

_____
KEVIN GUICE, individually

Dated: June ___, 2016.

_____
ROBERT GUICE, individually

Dated: June 21, 2016.

_____
TIMOTHY WOODS, individually