UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION and
OFFICE OF THE ATTORNEY
GENERAL, STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS,

    Plaintiffs,

v.                                                        Case No:   6:16-cv-982-Orl-41TBS

LIFE MANAGEMENT SERVICES OF
ORANGE COUNTY, LLC, LOYAL
FINANCIAL & CREDIT SERVICES, LLC,
IVD RECOVERY, LLC, KWP SERVICES,
LLC, KWP SERVICES OF FLORIDA
LLC, LPSOFFLA LLC, LPSOFFLORIDA
L.L.C., PW&F CONSULTANTS OF
FLORIDA LLC, UAD SECURE
SERVICES LLC, UAD SECURE
SERVICE OF FL LLC, URB
MANAGEMENT, LLC, YCC SOLUTIONS
LLC, YFP SOLUTIONS LLC, KEVIN W.
GUICE, CHASE P. JACKOWSKI, LINDA
N. MCNEALY, CLARENCE H. WAHL,
KAREN M. WAHL, ROBERT GUICE and
TIMOTHY WOODS,

    Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court on the Receiver's Verified First Application for Payment for Services Rendered and Reimbursement for Costs Incurred (Doc. 113). The Receiver represents that neither party opposes the requested relief (Id. at 1, 17). Upon consideration and review, I respectfully recommend that the motion be **granted in part and denied in part**.

### Background

Plaintiffs the Federal Trade Commission and Office of the Attorney General, State of Florida, Department of Legal Affairs bring this action for a permanent injunction and

other equitable relief pursuant to § 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2015) (Doc. 1). In sum, Plaintiffs allege that Defendants engaged in a telemarketing scheme intended to defraud financially distressed consumers by selling them phony debt relief services (Id. at ¶ 3).

On Plaintiffs' motion, the Court entered a temporary restraining order which, among other things, froze Defendants' assets (Doc. 36 at 10-12). The Court also appointed a temporary receiver ("Receiver") for the corporate Defendants, their affiliates, subsidiaries, divisions and operations (Id. at 18-22). In early July 2016, the Court entered a preliminary injunction which continued the asset freeze and converted the Receiver from a temporary to permanent receiver (Doc. 89 at 15-20). The Receiver has now moved to recover payment for services rendered and reimbursement of costs incurred, to date (Doc. 113).

## Discussion

The Court has already determined that the Receiver is entitled to payment of a reasonable fee and reimbursement of actual out-of-pocket expenses. This is memorialized in the Court's order appointing the Receiver, which provides that:

> It is **FURTHER ORDERED** that the Receiver, and all Persons hired by the Receiver as authorized under this Order, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, Corporate Defendants. The Receiver shall file with the Court and serve on the parties' periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall not increase the hourly

>rates used as the bases for such fee applications without prior approval of the Court.

(Doc. 89 at 24).

Courts are required to utilize the lodestar approach to determine reasonable compensation. SEC v. Aquacell Batteries, Inc., No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008). Also, when determining whether expenses are appropriate for reimbursement, courts must consider whether sufficient information exists to determine that the expenses are actual and were necessarily incurred. Id. "Whether a receiver merits a fee is based on the circumstances surrounding the receivership, and 'results are always relevant.'" SEC v. Elliot, 953 F.2d 1560, 1577 (11th Cir. 1992) (quoting SEC v. W. L. Moody & Co., Bankers (Unincorporated), 374 F. Supp. 465 (S.D. Tex. 1974), aff'd, 519 F.2d 1087 (5th Cir. 1975)).

A. Receiver's Fee

The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); see also Jackson v. Grupo Indus. Hotelero, S.A., No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010).

The Receiver requests a payment of fees in the amount of $42,900.00, which is based on 132.0 hours expended at a rate of $325.00 (Doc. 113 at 2). Based on the detailed account of receivership events contained in the motion (Id. at 5-12), and the itemized timesheet attached to the motion (Doc. 113-1 at 1-4), I conclude that the hours expended by the Receiver from June 8, 2016 through August 15, 2016 are reasonable.

The Receiver maintains that his hourly rate represents a $140.00 discount off of his 2015 standard rate of $465.00 (Doc. 113 at 2 n.1). As reported by Plaintiffs in their Application for a Temporary Receiver, the Receiver agreed to accept the reduced hourly rate (Doc. 14 at 3). I find the Receiver's hourly rate to be reasonable for his services in

this case. Upon consideration of all these factors, I respectfully recommend that the district judge award the Receiver $42,900.00 in fees.

### B. Reimbursement of Expenses

The Receiver seeks $702.00 in mileage for his travel between Tampa and Orlando and/or Tampa and Port Canaveral (Doc. 113-1 at 5). He seeks an additional $672.04 for locksmith services, $29.29 for "[r]efreshments for team of 15 for service of TRO," and $85.00 for the cost of opening a new post office box (Id.). Despite itemizing his expenses, the Receiver has not provided the Court with an affidavit, invoices, or other proof of payment to show that the expenses were *actually* incurred. See Aquacell Batteries, No. 2008 WL 276026, at *3.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court **GRANT** the Receiver's request to the extent he seeks compensation for his work performed in this case, thus far. There are sufficient funds in the receivership estate to make a fee payment. See (Doc. 113 at 11). However, I respectfully recommend that the Court **DENY WITHOUT PREJUDICE** the Receiver's motion for reimbursement of expenses until he properly documents the actual expenses.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on October 14, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding District Court Judge
    Counsel of Record
    Unrepresented Parties