UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION and
OFFICE OF THE ATTORNEY
GENERAL, STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS,

    Plaintiffs,

v.                                        Case No:   6:16-cv-982-Orl-41TBS

LIFE MANAGEMENT SERVICES OF
ORANGE COUNTY, LLC, LOYAL
FINANCIAL & CREDIT SERVICES, LLC,
IVD RECOVERY, LLC, KWP SERVICES,
LLC, KWP SERVICES OF FLORIDA
LLC, LPSOFFLA LLC, LPSOFFLORIDA
L.L.C., PW&F CONSULTANTS OF
FLORIDA LLC, UAD SECURE
SERVICES LLC, UAD SECURE
SERVICE OF FL LLC, URB
MANAGEMENT, LLC, YCC SOLUTIONS
LLC, YFP SOLUTIONS LLC, KEVIN W.
GUICE, CHASE P. JACKOWSKI, LINDA
N. MCNEALY, CLARENCE H. WAHL,
KAREN M. WAHL, ROBERT GUICE and
TIMOTHY WOODS,

    Defendants.

## ORDER

This matter comes before the Court on the Receiver's Motion to Compel Testimony of Defendant Chase Preston Jackowski (Doc. 116). Jackowski has not filed a response to the motion and the time within to do so has expired. Accordingly, the Court construes the motion as unopposed. Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014) (citing Kramer v. Gwinnett Cnty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such

portion, claim or defense is unopposed.")); Hudson v. Norfolk S. Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned."). Upon due consideration, the motion is **granted**.

## Background

Plaintiffs the Federal Trade Commission and Office of the Attorney General, State of Florida, Department of Legal Affairs bring this action for a permanent injunction and other equitable relief pursuant to § 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2015) (Doc. 1). In sum, Plaintiffs allege that Defendants engaged in a telemarketing scheme intended to defraud financially distressed consumers by selling them phony debt relief services (Id. at ¶ 3).

On Plaintiffs' motion, the Court entered a temporary restraining order which, *inter alia*, froze Defendants' assets (Doc. 36 at 10-12). The Court also appointed a temporary receiver ("Receiver") for the corporate Defendants, their affiliates, subsidiaries, divisions and operations (Id. at 18-22). In early July 2016, the Court entered a preliminary injunction which continued the asset freeze and converted the Receiver from a temporary to permanent receiver (Doc. 89 at 15-20).

The Receiver is asking the Court to compel the complete testimony of Jackowski (Doc. 116). The Receiver alleges that, "Jackowski formed the Receivership Defendants LPSOFFLA LLC, LPSOFFLORIDA L.L.C. and YFP Solutions, LLC … [and] [b]etween August of 2014 and February of 2016, [he] personally made cash withdrawals from bank accounts owned by those companies, in the aggregate amount of $816,472.25." (Doc.

116 at 4). In addition to the cash withdrawals, the Receiver alleges that Jackowski transferred almost $2 million from three Defendant companies via wire transfers (Doc. 116 at 4). At his deposition, Jackowski responded to questions related to his involvement with the Receivership Defendants' business operations (Id. at 5). He went so far as to detail his actions as well as the "process and procedures that he was instructed to perform," including the "what, where, and how" of his involvement in the enterprise (Id.). Jackowski testified to setting up the companies and processing payments through the entities (Doc. 117-1 at 9-10). He testified to withdrawing money (sometimes for payroll purposes) and delivering it to an office on Science Drive, after which he would receive a small cut (Id. at 18-20, 38). He also testified to making wire transfers to Defendant Kevin Guice and other individuals and companies (Id. at 39-44). He testified that his actions were taken at the direction of another individual, but repeatedly asserted the Fifth Amendment privilege when he was asked to specifically identify the other person involved (Id. at 22, 24, 26, 33-34, 44, 48, 50, 53, 81). Jackowski has admitted that he plead the fifth not to protect himself, but to protect the identity of the other person because that individual is a friend he has known a long time:

> Q. [Y]ou're not going to tell us who the person is?
>
> A. No, sir, I'm not. Unfortunately, because it's just difficult.
>
> Q. Why is it difficult?
>
> A. Because it is.
>
> Q. On a personal level?
>
> A. Yes, sir.
>
> Q. It's a friend of yours?
>
> A. Yes, sir.

> Q. Someone you have known a long time?
>
> A. Yes, sir.

(Id. at 81).

## Discussion

The Fifth Amendment privilege against compulsory self-incrimination "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory …" In re Corrugated Container Anti-Trust Litig., 620 F.2d 1086, 1091 (5th Cir. 1980)[1] (quoting Kastigar v. United States, 406 U.S. 441, 444 (1972)). A deponent may "plead the fifth" to guard against self-incrimination if a deposition question requires an answer that may subject him to criminal prosecution. Id. ("A witness may properly invoke the privilege when he 'reasonably apprehends a risk of self-incrimination ... though no criminal charges are pending against him … and even if the risk of prosecution is remote.'"). But, the privilege is personal and does not permit a witness to protect another person from incrimination. Salinas v. Texas, 133 S.Ct. 2174, 2187 (2013) ("[T]he Fifth Amendment does not protect someone from incriminating others; it protects against self-incrimination."); cf. U.S. v. White, 477 F. 2d 757, 761 (5th Cir. 1973) ("[T]he fifth amendment privilege is purely personal; it does not permit a witness to plead the fact that another party might be incriminated by his testimony …").

Jackowski's invocation of the Fifth Amendment is improper. Throughout his deposition, he freely testified about the details of the scheme and his role in it. And, he has admitted invoking the privilege only to protect the identity of a long-time friend. The selective use of the privilege is not permitted under our common law. See Chemtall, Inc.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

- 4 -

v. Citi-Chem, Inc., 992 F. Supp. 1390, 1405-1406 (S.D. Ga. Jan. 27, 1998). Nor is the invocation of the privilege to protect others. Salinas, 133 S.Ct. at 2187. Any Fifth Amendment privilege Jackowski could personally raise has been waived because he has answered relevant questions in every detail except for revealing the identity of the individual who directed his actions. See Mitchell v. U.S., 526 U.S. 314, 321 (1999).

## Conclusion

For the foregoing reasons, the Receiver's unopposed motion to compel the testimony of Jackowski (Doc. 116) is **GRANTED**. Jackowski shall answer in full, under oath, the Receiver's questions concerning the identity of all other persons involved, directly or indirectly, in the deposit, withdrawal, and use of funds that passed through the bank accounts of Defendants LPSOFFLA LLC, LPSOFFLORIDA L.L.C. and YFP Solutions, LLC between August of 2014 and February of 2016.

**DONE** and **ORDERED** in Orlando, Florida on December 2, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Any Unrepresented Parties