UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION and
OFFICE OF THE ATTORNEY
GENERAL, STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS,

    Plaintiffs,

v.                                                Case No: 6:16-cv-982-Orl-41TBS

LIFE MANAGEMENT SERVICES OF
ORANGE COUNTY, LLC, LOYAL
FINANCIAL & CREDIT SERVICES, LLC,
IVD RECOVERY, LLC, KWP SERVICES,
LLC, KWP SERVICES OF FLORIDA
LLC, LPSOFFLA LLC, LPSOFFLORIDA
L.L.C., PW&F CONSULTANTS OF
FLORIDA LLC, UAD SECURE
SERVICES LLC, UAD SECURE
SERVICE OF FL LLC, URB
MANAGEMENT, LLC, YCC SOLUTIONS
LLC, YFP SOLUTIONS LLC, KEVIN W.
GUICE, CHASE P. JACKOWSKI, LINDA
N. MCNEALY, CLARENCE H. WAHL,
KAREN M. WAHL, ROBERT GUICE and
TIMOTHY WOODS,

    Defendants.

## REPORT AND RECOMMENDATION

This case is before the Court without oral argument on the Receiver's First Application for Payment for Services Rendered and Reimbursement for Costs Incurred by Akerman LLP (Doc 167). Receiver Mark J. Bernet represents that the motion is not opposed (Id., at 1). For the reasons that follow, I respectfully recommend that the motion be granted in part, and otherwise denied.

### I. Background

On Plaintiffs' motion, the Court entered a temporary restraining order which,

among other things, froze Defendants' assets and appointed attorney Mark J. Bernet as temporary receiver for the corporate Defendants, their affiliates, subsidiaries, divisions and operations (Doc. 36 at 10-22). Later, the Court entered a preliminary injunction which continued the asset freeze and converted the Receiver from a temporary to permanent receiver (Doc. 89 at 15-20). The Receiver's duties include assuming full custody, possession, management and control of the corporate Defendants (Id., at 16). To perform his duties, the Receiver is authorized to employ professionals, including attorneys, as he deems advisable or necessary (Doc. 36 at 19; Doc. 89 at 17). The Receiver has engaged his law firm, Akerman LLP to work on various receivership matters (Doc. 167 at 2). Now, he seeks permission to pay Akerman $34,362.00 for its services plus an additional $657.00 for costs and expenses incurred (Id.). The Receiver does not seek compensation for services rendered by him personally; this application is solely for work performed by Akerman in its capacity as counsel for the Receiver. The motion includes copies of invoices detailing the dates upon which the law firm provided services, the identity of the persons rendering the services, the time billed to perform each service, and the fee charged for the service (Doc. 167-1).

## II. Applicable Law

To evaluate the Receiver's application, I employ the customary lodestar approach as the first step in calculating a reasonable fee for Akerman's services. Hensley v. Eckerhart, 461U.S. 424 (1983); Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); FTC v. Life Mngm't Servs., Case No. 6:16-cv-982-Orl-41TBS, 2016 WL 7013517, at *2 (M.D. Fla. Oct. 14, 2016). "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman, 836 F.2d at 1299. "[T]he fee applicant bears the burden of establishing entitlement to an award and

documenting the appropriate hours expended and hourly rates." Henns v. Mony Life Ins. Co. of Am., Case No. 5:11-cv-55-Oc-37TBS, 2012 WL 1599871, at *3 (M.D. Fla. April 13, 2012).

"[T]he lodestar as calculated in Hensley presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2–106 (1980), and adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), except on rare occasions the factor of results obtained and, perhaps, enhancement for contingency." Norman, 836 F.2d at 1299. The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19 (abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)).

Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors including the results obtained. Norman, 836 F.2d at 1302. "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

The amount of time billed is viewed as "the most useful starting point for determining the amount of a reasonable fee." Hensley, 461 U.S. at 433. The applicant should present records detailing the amount of work performed. Once the party seeking fees produces adequate billing records, the opponent "has the burden of pointing out with specificity which hours should be deducted." Rynd v. Nationwide Mutual Fire Ins. Co., No. 8:09-cv-1556-T-27TGW, 2012 WL 939387, at * 3 (M.D. Fla. Jan. 25, 2012) (quoting Centex-Rooney Const. Co., Inc. v. Martin Cnty, 725 So. 2d 1255, 1259 (Fla. 4th DCA 1999)).

"When awarding an attorney's fee, the '[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of the courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.'" Oden v. Vilsack, No. 10-00212-KD-M, 2013 WL 4046456, at *4 (S.D. Ala., Aug. 9, 2013) (quoting Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999)). Here, all fees and costs paid out reduce the amount available to compensate the victims of Defendants' alleged fraud.

### III. Attorney's Fees

The Receiver seeks permission to pay Akerman $899.00 for the services of attorney David Meek (Doc. 167 at 5). Early in the case, Mr. Meek assisted, on short notice, in the preparation, issuance and service of subpoenas for documents and depositions (Id.). He billed 2.9 hours at $310.00 per hour (Id.). The Receiver utilized the services of attorney Guy Quattelbaum in connection with issues concerning the assertion of the Fifth Amendment privilege against self-incrimination by multiple witnesses (Id., at 6). Mr. Quattelbaum drafted a motion to compel witness Chase Jackowski to answer specific questions concerning the receivership Defendants (Id.). The Receiver finalized and filed the motion, which the Court granted (Docs. 116, 119). Mr. Quattelbaum

recorded 7.3 hours worked at $360.00 per hour for a total of $2,628.00 (Id.). Lastly, the Receiver consulted Akerman partner Brian R. Harris for advice on a tax issue (Id.). Mr. Harris billed a total of $738.00 for 1.8 hours at $410.00 per hour (Id.). The Receiver has not provided biographical information to inform the Court concerning the experience, reputations, or professional abilities of the Akerman attorneys who did work for him.

After review, I find the time charged for the work of all three Akerman attorneys is reasonable. The matters upon which counsel worked were not novel or complex. Despite the lack of biographical information, these lawyers appear to have possessed the skill requisite to do the work properly. Acceptance of these assignments did not preclude Akerman from other employment. The law firm is charging its customary rates for the attorneys' who performed the work. The work was not done on a contingent fee basis. With the exception of the work done by Mr. Meek, there were no time limitations imposed by the Receiver or the circumstances. Akerman obtained good results. There is nothing undesirable about the work performed by Akerman. The Receiver is a partner in Akerman and therefore, I presume that he has a lengthy relationship with the firm. No awards in similar cases have been brought to my attention. After considering these factors, I recommend approval of the hourly rates, hours worked, and total fees sought for the work done by Mr. Meek, Mr. Quattelbaum, and Mr. Harris.

### IV. Fees for Paralegal Services

The Receiver proposes to pay $30,384.00 for the services of paralegal Suzanne Miller (Id., at 6-7). Ms. Miller's standard rate is $285.00 per hour but she was billed at $240.00 per hour in this case (Id., at 7). Compensation is sought for 126.6 hours worked (Id.). For the reasons discussed below, I find Ms. Miller's hourly rate, even after the reduction by Akerman, to be unreasonable, and much of the work she performed is not compensable.

Any paralegal who commands $285.00 per hour in Central Florida must be an accomplished and highly skilled individual. For example, last month, I approved $235.00 per hour for a partner with 20 years of experience who represents Ford Motor Company in a case it is prosecuting for breach of contract, negligent misrepresentation, fraudulent misrepresentation, and violations of Florida's Deceptive and Unfair Trade Practices Act. Ford Motor Co. v. Mad Enter. Grp, LLC, No. 6:16-cv-1333-Orl-40TBS, 2017 WL 2103509, at *2-3 (M.D. Fla. May 15, 2017). While I assume Ford has the market power to negotiate lower hourly rates than most consumers of legal services, Ms. Miller is still being billed at a rate higher than what Ford is paying for a partner at another law firm. In the Ford case, I found that $75.00 per hour (the amount Ford is actually paying), is reasonable for a paralegal's services. Similarly, in Fine v. Baer, No. 5:15-cv-21-Oc-28PRL, 2017 WL 1437461, at *8 (M.D. Fla. April 5, 2017), Judge Lammens concluded that $125.00 per hour was a reasonable rate for paralegal work in a copyright infringement case. And, in 2016, another court in this district awarded $100 per hour for the services of a paralegal in a different trademark infringement and unfair competition case. Carmax Auto Superstores, Inc. v. Starmax Finance, Inc., Case No. 6:15-cv-898-Orl-37TBS, 192 F.Supp.3d 1279 (M.D. Fla. 2016). Based upon my own knowledge of rates in Central Florida, my review of awards in other Middle District cases, and the nature of the work performed by Ms. Miller in this case, I find that $125 per hour is reasonable for the compensable services she provided.

Courts only award fees for the work of a paralegal when the work is of a legal nature, traditionally performed by attorneys. Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (District court properly awarded "reimbursement for time spent by paralegals and law clerks where the work was that normally done by an attorney."); Vela v. City of Houston, 276 F.3d 659, 681 (5th Cir. 2001) ("Paralegal work can only be recovered as

attorney's fees if the work is legal rather than clerical."); Allen v. United States Steel Corp., 665 F.2d 689, 697 (5th Cir. 1982) (Fees for the work of paralegals is only recoverable "to the extent that the paralegal performs work traditionally done by an attorney. Otherwise, paralegal expenses are separately unrecoverable overhead expenses."); Jones v. Armstrong Cork Co., 630 F.2d 324, 325 n.1 (5th Cir. 1980) (Fees for paralegal work can be separately assessed and awarded to the extent the paralegal performs "work that has traditionally been done by an attorney."); McCullough v. Astrue, 565 F. Supp. 2d 1327, 1329 (M.D. Fla. July 2, 2008) (Fees for work of a paralegal that is not clerical or secretarial in nature, and that is traditionally done by attorneys is compensable.); In re Biocoastal Corp., 121 B.R. 653, 654 (M.D. Fla. Nov. 19, 1990) ("[S]ervices rendered by paralegals that were more in the nature of legal work rather than clerical work were compensable, albeit only at a reasonable rate and not necessarily at the rate charged by the law firm for the services rendered by a paralegal."); P.R. Hall v. Lowder Realty Co., Inc., 263 F. Supp. 2d 1352, 1364-65 (M.D. Ala. June 3, 2003) ("[P]aralegal work is compensable when it involves, for example, factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence. On the other hand, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them. … It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work …") (Internal quotations and citations omitted).

Between June 11 and June 28, 2016, Ms. Miller billed 8.3 hours to monitor the status of an office property, and plan, coordinate, and assist in the inventory of the property. From July 1 through July 18, 2016, she billed 15.6 hours to assist with the mail,

apply for a post office box, prepare change of address forms, continue the coordination of inventory, and talk to telephone and internet providers about phone and internet services including remote call forwarding and the recording of a message for a call forwarding mailbox. Between July 19 and October 28, 2016, Ms. Miller recorded an additional 13 hours for obtaining and monitoring the mail, monitoring an office property, conferring with people at the Post Office, securing additional changes of address, going to and from the Post Office, and performing more work on the inventory. Ms. Miller also billed a minimum of 7.9 hours to "bates number" documents (Doc. 167-1). None of these are services traditionally performed by an attorney. In fact, a legal professional was not required to do any of this work. It could have been done by a secretary or, for that matter, a college student working for little more than minimum wage. In no event were these services worth $240 per hour. Accordingly, I respectfully recommend that the application for reimbursement for services rendered by Ms. Miller be reduced by 44.8 hours.

None of the remaining work done by Ms. Miller warrants a fee in excess of $125 per hour. Subtracting the 44.8 hours I find to be non-billable from the total of 126.6 leaves 81.8 hours at $125 per hour, making a total of $10,225. I respectfully recommend the Court approve payment of this amount for Ms. Miller's services.

### V. Costs

Akerman seeks compensation for duplication costs ($567.70), a courthouse parking fee ($5.00), Pacer fees ($6.30), and for service of process ($80) (Doc. 167-1 at 10). I have not followed FED. R. CIV. P. 54(d)(1) and case law interpreting the rule in analyzing these costs because this is not an application made by a prevailing party and the costs are not opposed. Based upon my own knowledge and experience I find that these are fees customarily charged by lawyers to their clients. And, the Receiver deems the payment of these fees to be advisable and necessary. Accordingly, I respectfully

recommend approval of $657 in costs.

## VI. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court approve payment by the Receiver of $15,147 to Akerman for fees and costs incurred between June 15, 2016 and October 28, 2016.

## VII. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 12, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties