UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION and

OFFICE OF THE ATTORNEY GENERAL,
STATE OF FLORIDA, DEPARTMENT OF
LEGAL AFFAIRS,

   Plaintiffs,

v.

LIFE MANAGEMENT SERVICES OF
ORANGE COUNTY, LLC, a Florida
Limited Liability Company, et al.

   Defendants

Case No.: 6:16-cv-00982-CEM-TBS

_____

## MATTEW LEIBERT, ESQUIRE'S UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT KEVIN GUICE

### Factual Allegations

Comes now, Matthew Leibert, Esquire, pursuant to the Florida Rules of Professional Conduct Rule 4-1.16(a) and hereby moves for mandatory withdrawal as counsel of record, pursuant to the Florida Rules of Professional Conduct 4-1.16(b), and hereby moves for permissive withdrawal as counsel of record, and pursuant to Local Rule 2.03 of the Local Rules for the United States District Court for the Middle District of Florida, files this Unopposed Motion to Withdraw as counsel of Record for Defendant Kevin Guice, on the following grounds:

1.  This is a civil enforcement action against thirteen entities and seven

1

individuals for injunctive and other equitable relief based on allegations of deceptive and unfair trade practices in violation of the Federal Trade Commission Act, the Telemarketing and Consumer Fraud and Abuse Prevention Act and the Telemarketing Sales Rule.

2.  Pursuant to Local Rule 2.03 of the Local Rules for the United States District Court for the Middle District of Florida, undersigned counsel's notice of his intent to withdraw was given to the client and opposing parties on June 9, 2017. This court may not rule on the Motion until June 19, 2017.

3.  Because this is an asset freeze case, undersigned counsel took this case on the reliance that attorney fees for Kevin Guice would be paid by the Relief Defendant, Timothy Woods', Qualified Retirement Plan.

4.  The Stipulated Preliminary Injunction allowed for attorney fees to be paid from such fund. (Doc. 76 and Doc. 81)

5.  Undersigned counsel's first three legal fee payments for Kevin Guice were made from Timothy Wood's retirement fund.

6.  At some unknown time, the Timothy Woods and Kevin Guice decided that undersigned counsel's fees would no longer be paid by Timothy Woods' Qualified Retirement Plan, although undersigned counsel was not informed of this fact until he submitted his bill for the month of May. The bill for the month of May was for significant time spent on Kevin Guice's Response to Summary Judgment.

7.   Defendant Kevin Guice has no income and his assets are frozen. Therefore, there are no remaining "legal" funds or income by which undersigned counsel could be paid by Defendant, Kevin Guice.

8.  Because the Relief Defendants have pending settlement agreements, their remaining legal fees should be relatively small.

9.  Pursuant to the Florida Rules of Professional Conduct Rule 4-1.16(a), undersigned counsel moves for mandatory withdrawal so that no rules of professional conduct will be violated.

10. Pursuant to the Florida Rules of Professional Conduct Rule 4-1.16(b) undersigned counsel hereby moves for permissive withdrawal as counsel of record:

   a. The client persists in in a course of action that undersigned counsel considers repugnant, imprudent, and with which he has fundamental disagreement.

   b. Continued representation will result in an unreasonable financial burden on undersigned counsel.

   c. The client has failed substantially to fulfill his obligation to undersigned counsel.

### Memorandum of Law

12. Florida Rule of Professional Conduct 1.16(a) states:

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) the representation will result in violation of the rules of professional conduct or other law.

13. Undersigned Counsel represents that he must withdraw in this case.

14. Pursuant to Local Rule 2.03(b), United States District

Court for the Middle District of Florida:

(b) **No attorney, having made a general appearance under subsection (a) of this rule, shall thereafter abandon the case or proceeding in which the appearance was made, or withdraw as counsel for any party therein, except by written leave of Court obtained after giving ten (10) days' notice to the party or client affected thereby, and to opposing counsel.**

(c) **In all criminal cases non-payment of attorney's fees shall not be sufficient justification for seeking leave to withdraw if the withdrawal of counsel is likely to cause a continuance of a scheduled trial date; nor shall leave be given to withdraw in any other case, absent compelling ethical considerations, if such withdrawal would likely cause continuance or delay.  If a party discharges an attorney it shall be the responsibility of that party to proceed pro se or obtain the appearance of substitute counsel in sufficient time to meet established trial dates or other regularly scheduled proceedings as the Court may direct.**

15. A permissive motion to withdraw is a matter in the discretion of the court.

*Andrews v. Bechtel Power Corp*. 780 F.2D 124(1st Cir. 1985) In considering a motion to withdraw, other federal courts have weighed "the reasons why withdrawal is sought; the prejudice withdrawal may cause the litigants; the delay in the resolution of the case which would result in withdrawal; and, the effect of withdrawal on the efficient administration of justice." *Rusinow v. Kamara,* 920 F.Supp. 69, 71 (D.N.J.1996).

16. In this case, undersigned counsel has complied with the Florida and Local Rules. No delay would be caused by his withdrawal and the administration of justice would not be effected.

17. Undersigned counsel is at a disadvantage being shorted on his current bill by Kevin Guice. However, as undersigned counsel is a one man law firm, being forced to work further for free for Kevin Guice would put undersigned counsel out of business.

WHEREFORE, undersigned counsel requests to withdraw as counsel and be relieved of further responsibility in this case for Defendant Kevin Guice.

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)</u>

Pursuant to Local Rule 3.1(g), Tejasvi M. Srimushnam, counsel for the Federal Trade Commission, and Denise Beamer and Jennifer Knutton, counsels for the Office of the Attorney General, agree with the relief requested in this motion.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the forgoing Motion was E-filed and served upon the following:

Counsel for Plaintiffs: Jennifer Knutton, Assistant Attorney General, Office of the Attorney General, Consumer Protection Division, 135 W. Central Blvd., Suite 670, Orlando, Florida 32801, Jennifer.knutton@myfloridalegal.com, Denise Beamer,

Assistant Attorney General, Office of the Attorney General, Consumer Protection Division, 135 W. Central Blvd., Suite 670, Orlando, Florida 32801, denise.beamer@myfloridalegal.com, Tejasvi M. Srimushnam, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Mail Stop H-286, Washington DC, 20580, , tsrimushnam@ftc.gov, Joshua A. Doan, Federal Trade Commission, 600 Pennsylvania Avenue, NW, Mail Stop H-286, Washington DC, 20580, jdoan@ftc.gov, and Mark J. Bernet, 401 E. Jackson Street, Tampa, Florida 33602, mark.bernet@akerman.com.

Counsel for Defendants: Mario Ceballos, Esquire, mceballos@ceballos-law.com, Elias R. Hilal, Esquire, elais.hilal@erhlaw.com, David Hill, Esquire, dphillpa@cfl.rr.com.

Respectfully Submitted this 13th Day of June, 2017

<div style="margin-left: 40%;">

*/s/ Matthew A. Leibert, Esq.*
Matthew A. Liebert, Esq.
Fla. Bar No. 0752266
200 S. Orange Avenue, Ste. 2000
Orlando, Florida 32801
Tel.   407-245-8352
Fax    407-245-8361                    1
leibert@urbanthier.com

</div>

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been electronically

filed on June 13, 2017, via the CM/ECF Electronic Filing System which will

provide electronic notice to all interested parties.

<div align="right">

*/s/ Matthew A. Leibert, Esq.*
Matthew A. Liebert, Esq.
Fla. Bar No. 0752266
Attorney for Plaintiff
**URBAN THIER**
**& FEDERER, P.A.**
200 S. Orange Avenue, Ste. 2000
Orlando, Florida 32801
Tel.   407-245-8352
Fax    407-245-8361

</div>