UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION and
OFFICE OF THE ATTORNEY
GENERAL, STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS,

    Plaintiffs,

v.                                               Case No:   6:16-cv-982-Orl-41TBS

LIFE MANAGEMENT SERVICES OF
ORANGE COUNTY, LLC, LOYAL
FINANCIAL & CREDIT SERVICES, LLC,
IVD RECOVERY, LLC, KWP SERVICES,
LLC, KWP SERVICES OF FLORIDA
LLC, LPSOFFLA LLC, LPSOFFLORIDA
L.L.C., PW&F CONSULTANTS OF
FLORIDA LLC, UAD SECURE
SERVICES LLC, UAD SECURE
SERVICE OF FL LLC, URB
MANAGEMENT, LLC, YCC SOLUTIONS
LLC, YFP SOLUTIONS LLC, KEVIN W.
GUICE, CHASE P. JACKOWSKI, LINDA
N. MCNEALY, CLARENCE H. WAHL,
KAREN M. WAHL, ROBERT GUICE and
TIMOTHY WOODS,

    Defendants.

## ORDER

    This case comes before the Court without a hearing on the Amended Motion to Reopen Discovery for Kevin W. Guice and to Open Initial Discovery for Supplemental Party Shannon Guice (Doc. 205). Mark J. Bernet as Receiver ("Receiver") for Life Management Services of Orange County, LLC, Loyal Financial & Credit Services, LLC, IVD Recovery, LLC, KWP Services, LLC, KWP Services of Florida, LLC, LPSOFFLA LLC, LPSOFFLORIDA L.L.C., PW&F Consultants of Florida, LLC, UAD Secure Services

LLC, UAD Secure Service of FL LLC, URB Management, LLC, YCC Solutions LLC and YFP Solutions LLC (collectively the "Receivership Defendants"), has filed a response in opposition to the motion (Doc. 206).

Plaintiffs allege that between January 2013 and June 9, 2016, Defendants engaged in a telemarketing scheme to defraud financially distressed consumers by selling them phony debt relief services (Doc. 1, ¶ 3; Doc. 163 at 8). Plaintiffs' complaint seeks preliminary and permanent injunctive relief, rescission or reformation of contracts, restitution, disgorgement of ill-gotten monies, consumer redress and other relief (Doc. 1, ¶¶ 1-2).

On Plaintiffs' motion, the Court entered a temporary restraining order freezing Defendants' assets and appointed the Receiver as temporary receiver for the Receivership Defendants (Doc. 36 at 10-22). Later, the Court entered a preliminary injunction which continued the asset freeze and converted the Receiver from a temporary to permanent receiver (Doc. 89 at 15-20). The Receiver's duties include assuming full custody, possession, management and control of the Receivership Defendants, and conserving, holding, managing and preventing the loss of the Receivership Defendants' assets (Id., at 16). To fulfill his duties, the Receiver is empowered to sue for, collect and take possession of all assets of the Receivership Defendants (Id.).

The Receiver claims that by way of 419 transfers, Defendant Kevin Guice and his wife, Shannon Guice received a total of $8,593,352.60 from the Receivership Defendants for which they did not give reasonably equivalent value (Doc. 171-1 at 2). Therefore, the Receiver concludes, the transfers were fraudulent[1] (Id.). On June 7, 2018, the Receiver

---
[1] See FLA. STAT. § 726.105(1).

motioned the Court to establish summary procedures in connection with his to-be-filed motion to compel the disgorgement of assets from Defendants Kevin Guice and his wife, Shannon Guice (the "Motion for Disgorgement") (Doc. 171). The Receiver argued that bringing a supplemental action for disgorgement in this case would be more economical than instituting a new lawsuit, and that the matter could be handled using the same procedures applicable to motions for summary judgment (Doc. 171, ¶¶ 2-4). The Court agreed and granted the motion as follows:

> 3. **On or before June 12, 2018**, the Receiver shall file his Motion for Disgorgement. Because Guice is a party to this action, he will be served in accordance with Federal Rule of Civil Procedure 5(b)(2)(C) once the motion is filed.
>
> 4. **On or before June 19, 2018**, the Receiver shall serve Shannon Guice with the Motion for Disgorgement and a copy of this Order in accordance with Federal Rule of Civil Procedure 4.
>
> 5. **On or before July 20, 2018**, the Guices shall file a Response to the Motion for Disgorgement in the manner prescribed in Federal Rule of Civil Procedure 56(c)(1)-(2).
>
> 6. If the Guices intend to assert affirmative defenses to the claims raised in the Motion for Disgorgement, they shall do so in the manner described in Federal Rule of Civil Procedure 12(b) and cite materials in the record that would support the factual allegations necessary to establish such defenses.
>
> 7. If the Guices believe that they cannot present facts essential to justify their opposition to the Motion for Disgorgement, then **on or before June 26, 2018**, they shall file a motion to reopen discovery. Such a motion shall include (1) specific material facts that the Guices seek to discover; (2) whether the Guices seek to obtain affidavits or to take discovery; and (3) an explanation as to why the proposed discovery is reasonably calculated to demonstrate those specific material facts.

(Doc. 197 at 2) (emphasis in original).

The Receiver filed the Motion for Disgorgement on June 7 and it was served on

Shannon Guice on June 13, 2018 (Doc. 198; Doc. 200). On June 26, 2018, the Guices filed their Motion to Reopen Discovery for Kevin W. Guice and to Open Initial Discovery for Supplemental Party Shannon Guice (Doc. 202). The Court denied that motion without prejudice because it failed to comply with Local Rule 3.01(g) (Doc. 203). The Guices' amended motion, which includes counsel's Rule 3.01(g) certificate, was filed on June 28, 2018 (Doc. 205).

The Motion for Disgorgement is the first claim in this case that is made against Shannon Guice and so, until now, she has not had an opportunity to take discovery (Doc. 205, ¶ 15). The Guices note that the Receiver is not claiming that Mrs. Guice participated in the alleged fraud (Id.). And, they argue that they are entitled to full discovery to refute the Receiver's allegations and protect their assets (Id., at 5). The Guices seek:

- Discovery related to the proceeds that went into their homestead. The Receiver alleges that "some portion" of the value of the homestead is from allegedly fraudulent funds, but without a tracing analysis, including bank statements showing money from other sources going into the home, this fact cannot be established by either party.

- Discovery related to the Plaintiffs' files on this matter, including all evidence, including exculpatory evidence, in the Plaintiffs' possession, custody, or control pertaining to their investigations of the Defendants.

- Discovery related to the unestablished damages alleged by the Receiver and the Plaintiffs so as to be sure that an disgorgement order is not in excess of the actual damages, if any, to any consumers.

- Discovery related to the formation of the entities which the Plaintiffs contest were formed or directed by Kevin Guice.

- Discovery related to whether Kevin Guice or Shannon Guice were personally involved in any fraud or misrepresentations.

(Id., at 5-6).

The Guices' motion fails to identify the "specific material facts" they "seek to discover;" or explain "why the proposed discovery is reasonably calculated to demonstrate those specific material facts." (Doc. 206 at 2). Additionally, as the Receiver points out, he has already provided a forensic analysis and the source documents upon which he bases his claim that the Guices were the beneficiaries of 419 specific transfers from the Receivership Defendants (Id. at 3). The Receiver argues, logically, that any conflicting evidence would necessarily come from the Guices (Id., at 4). The Receiver also notes that Kevin Guice asserted his Fifth Amendment right against self-incrimination when the Receiver attempted to learn about the matters on which the Guices now say they need discovery (Id.).

The Receiver objects to the breadth of the Guices' proposed discovery. He suggests, not unreasonably, that the Guices' likely defenses to the Disgorgement Motion will be: (1) to deny they received the transfers; (2) demonstrate that they gave reasonably equivalent value for the transfers; (3) show that the Receivership Defendants were not insolvent at the time of the transfers; and (4) show that the Receivership Defendants did not become insolvent on account of the transfers (Id.). The Receiver contends that the evidence the Guices may need to prove these things is already available to them and the other evidence they seek is not necessary to establish any defense in this supplemental proceeding. The Guices, as the parties seeking the discovery, have not shown otherwise.

Lastly, the Receiver argues that whether the Guices actually participated in the fraud allegedly perpetrated by the Receivership Defendants is irrelevant (Id., at 7-8). What matters is whether they were the recipients of fraudulent transfers from the Receivership Defendants (Id. at 8). The Court agrees.

Now, the Guices' amended motion to conduct discovery (Doc. 205) is **DENIED**. The Guices have **14 days** within to file any further motion for discovery that satisfies the requirements of the Order at Docket Entry 197.

**DONE** and **ORDERED** in Orlando, Florida on July 6, 2018.

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties