UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION and
OFFICE OF THE ATTORNEY
GENERAL, STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS,

    Plaintiffs,

v.   Case No: 6:16-cv-982-Orl-41TBS

LIFE MANAGEMENT SERVICES OF
ORANGE COUNTY, LLC, LOYAL
FINANCIAL & CREDIT SERVICES, LLC,
IVD RECOVERY, LLC, KWP SERVICES,
LLC, KWP SERVICES OF FLORIDA
LLC, LPSOFFLA LLC, LPSOFFLORIDA
L.L.C., PW&F CONSULTANTS OF
FLORIDA LLC, UAD SECURE
SERVICES LLC, UAD SECURE
SERVICE OF FL LLC, URB
MANAGEMENT, LLC, YCC SOLUTIONS
LLC, YFP SOLUTIONS LLC, KEVIN W.
GUICE, CHASE P. JACKOWSKI, LINDA
N. MCNEALY, CLARENCE H. WAHL,
KAREN M. WAHL, ROBERT GUICE and
TIMOTHY WOODS,

    Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court on the Receiver's Unopposed Verified Third Application for Payment for Services Rendered and Reimbursement for Costs Incurred (Doc. 218). The Receiver Mark J. Bernet represents that the parties do not oppose the requested relief (Id., at 2). Upon review, I respectfully recommend that the motion be **granted**.

### Background

Plaintiffs the Federal Trade Commission and Office of the Attorney General, State

of Florida, Department of Legal Affairs bring this action for a permanent injunction and other equitable relief pursuant to § 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2015) (Doc. 1). In sum, Plaintiffs allege that Defendants engaged in a telemarketing scheme intended to defraud financially distressed consumers by selling them phony debt relief services (Id. at ¶ 3).

On Plaintiffs' motion, the Court entered a temporary restraining order which, among other things, froze Defendants' assets (Doc. 36 at 10-12). The Court also appointed the Receiver as temporary receiver for the corporate Defendants, their affiliates, subsidiaries, divisions and operations (Id. at 18-22). In early July 2016, the Court entered a preliminary injunction which continued the asset freeze and converted the Receiver from a temporary to permanent receiver (Doc. 89 at 15-20). Prior to the filing of this motion, the Receiver has twice sought to recover payment for services rendered and reimbursement of costs incurred (Docs. 167 and 181). The Court granted both motions and awarded the Receiver his requested fees (Doc. 187). Now, the Receiver requests $44,590.00 in fees for services performed between March 27, 2017 and December 31, 2017, and $524.30 as reimbursement for out-of-pocket expenses "incurred during the Third Interim Fee Period" (Doc. 218).

## Discussion

The Court has already determined that the Receiver is entitled to payment of a reasonable fee and reimbursement of his actual out-of-pocket expenses. This is memorialized in the Court's order appointing the Receiver, which provides:

> It is **FURTHER ORDERED** that the Receiver, and all Persons hired by the Receiver as authorized under this Order, including counsel to the Receiver and accountants, are

> entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, Corporate Defendants. The Receiver shall file with the Court and serve on the parties' periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

(Doc. 89 at 24).

The Court utilizes the lodestar approach to determine reasonable compensation for the Receiver. SEC v. Aquacell Batteries, Inc., No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008). And, when determining whether the Receiver's expenses are appropriate for reimbursement, the Court considers whether sufficient information exists to determine that the expenses are actual and were necessarily incurred. Id. Additionally, "[w]hether a receiver merits a fee is based on the circumstances surrounding the receivership, and 'results are always relevant.'" SEC v. Elliot, 953 F.2d 1560, 1577 (11th Cir. 1992) (quoting SEC v. W. L. Moody & Co., Bankers (Unincorporated), 374 F. Supp. 465 (S.D. Tex. 1974), aff'd, 519 F.2d 1087 (5th Cir. 1975)).

The lodestar is calculated by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); see also Jackson v. Grupo Indus. Hotelero, S.A., No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010). The Receiver's fee request is based on 137.2 hours expended at a rate of $325.00 per hour (Doc. 218 at 2). Based on the detailed account of receivership events contained in the motion (Id. at 6-13), and the itemized time records attached to the motion (Doc. 218-1 at 1-4), I conclude that the hours expended by the Receiver from March 27, 2017 through December 31,

2017 are reasonable. The Court has already established the Receiver's rate which is $140.00 less than his 2017 standard rate of $465.00 and $225.00 less than his 2018 standard rate of $550.00 per hour. See (Doc. 115 at 3-4; Doc. 113 at 2 n.1, Doc. 14 at 3). Multiplying the 137.2 hours expended by the Receiver's $325.00 rate results in the $44,580.00 requested. Now, I respectfully recommend that the district judge award the Receiver $44,590.00 in fees.

The Receiver seeks $524.30 in mileage for his travel between Tampa and Orlando (Doc. 218-2). In support of this request, the Receiver has submitted an Affidavit of Costs and an itemization of expenses (Id.). The information furnished is sufficient for me to respectfully recommend that the district judge reimburse the Receiver the full amount of his expenses.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court **GRANT** the Receiver's application for payment and award him $44,590.00 in fees and $524.30 in costs to be paid out of the receivership estate for services rendered for the period beginning March 27, 2017 and ending December 31, 2017.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on September 18, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding District Court Judge
Counsel of Record
Unrepresented Parties