UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION and
OFFICE OF THE ATTORNEY
GENERAL, STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS,

    Plaintiffs,

v.                                                                Case No:   6:16-cv-982-Orl-41TBS

LIFE MANAGEMENT SERVICES OF
ORANGE COUNTY, LLC, LOYAL
FINANCIAL & CREDIT SERVICES, LLC,
IVD RECOVERY, LLC, KWP SERVICES,
LLC, KWP SERVICES OF FLORIDA
LLC, LPSOFFLA LLC, LPSOFFLORIDA
L.L.C., PW&F CONSULTANTS OF
FLORIDA LLC, UAD SECURE
SERVICES LLC, UAD SECURE
SERVICE OF FL LLC, URB
MANAGEMENT, LLC, YCC SOLUTIONS
LLC, YFP SOLUTIONS LLC, KEVIN W.
GUICE, CHASE P. JACKOWSKI, LINDA
N. MCNEALY, CLARENCE H. WAHL,
KAREN M. WAHL, ROBERT GUICE and
TIMOTHY WOODS,

    Defendants.

## ORDER

This case comes before the Court without a hearing on the Receiver's Motion to Compel Discovery from Shannon Guice (Doc. 268). Ms. Guice has filed a response in opposition to the motion (Doc. 271).

On March 18, 2019, the Receiver served a request for production of documents on Ms. Guice (Doc. 268-1). The request directed her to produce within five days: (1) tax and accounting information; (2) mortgage documents; (3) documents concerning the business

of Four19 Solutions, LLC and Pinnacle Business Fundings, LLC; (4) written communications between Kevin Guice and certain non-parties; (5) documents concerning Ms. Guice's employment; (6) documents relating to her purchase of a motorcycle; (7) documents concerning a Cadillac Escalade and Maserati; (8) all worksheets, reports and other documents Ms. Guice provided to her bankruptcy lawyer in connection with the preparation of her bankruptcy case; and (9) documents showing the source of payment of the school tuition for Ms. Guice's children (Id.). The Receiver represents that these documents pertain to Ms. Guice's "role in aiding and abetting her husband, the Defendant Kevin Guice, and his accomplice, Terra Barrs, with operating an unlawful, unlicensed telemarketing operation in violation of the Court's injunctions." (Doc. 268 at 1).

In seeking this discovery, the Receiver has invoked the expedited procedure established in a preliminary injunction directed to other Defendants (Doc. 89). When the Receiver propounded the requests for production to Ms. Guice, the Court had already entered a stipulated preliminary injunction specifically as to Kevin Guice, which contained different expedited discovery procedures (Compare Doc. 76 at pp. 20-21 with Doc. 89 at p. 26).

Also prior to service of the Receiver's requests for production, the district judge had granted Plaintiffs' motion for summary judgment and entered a permanent injunction against Kevin Guice (Doc. 225). This judgment and injunction do not contain any provisions for expedited discovery from other persons. Moreover, the Clerk was directed to enter judgment and close the case (as all other Defendants had settled - "The claims in this case have been settled as to all Defendants except Guice.") (Doc. 225 at 4).

When the motion to compel was filed, the district judge had not acted on Plaintiffs' motion for the entry of final judgment against the other Defendants. After the motion was

filed, the district judge directed the entry of judgment for Plaintiffs and against Defendants Chase P. Jackowski, Linda N. McNealy, Clarence H. Wahl, Karen M. Wahl, Life Management Services of Orange County, LLC, Loyal Financial & Credit Services, LLC, IVD Recovery, LLC, KWP Services, LLC, KWP Services of Florida LLC, LPSOFFLA LLC, LPSOFFLORIDA L.L.C., PW&F Consultants of Florida LLC, UAD Secure Services LLC, UAD Secure Service of FL LLC, URB Management, LLC, YCC Solutions LLC, YFP Solutions LLC, Robert Guice and Timothy Woods, jointly and severally, in the amount of $23,099,878 (Doc. 274).

It appears that the Receiver is attempting to use the discovery procedure in a superseded preliminary injunction directed to other Defendants and limited to certain matters, to try to get documents from Ms. Guice on five days notice, in order to show that her husband is violating an injunction entered in a now closed case.

The Receiver's job is to marshal and liquidate the assets of the corporate Defendants (Doc. 36 at 18). There are plenty of reasons why he would care if Kevin Guice has or is violating the permanent injunction. But, the Court questions whether the pursuit of these claims comes within the scope of the Receiver's duties. Frankly, the Court is puzzled by Plaintiffs' failure to pursue these new allegations. If anyone should be interested in seeking redress in this Court, it ought to be them. And, the Receiver is not working for free. Presumably, he will ask to be compensated for this work, which will reduce the amount of money available to compensate the victims in this case. So, where are the Plaintiffs?

The Court is not persuaded that the preliminary injunction upon which the Receiver relies authorizes him to pursue this expedited discovery into Kevin Guice's alleged current misconduct. The Court is also not convinced that this action falls within the scope

of the Receiver's duties. For these reasons, the motion is **DENIED without prejudice**. In any re-filed motion the Receiver should address the concerns expressed in this Order.

**DONE** and **ORDERED** in Orlando, Florida on May 1, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties