UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION and
OFFICE OF THE ATTORNEY
GENERAL, STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS,

    Plaintiffs,

v.                                                                          Case No:   6:16-cv-982-Orl-41TBS

LIFE MANAGEMENT SERVICES OF
ORANGE COUNTY, LLC, LOYAL
FINANCIAL & CREDIT SERVICES, LLC,
IVD RECOVERY, LLC, KWP SERVICES,
LLC, KWP SERVICES OF FLORIDA
LLC, LPSOFFLA LLC, LPSOFFLORIDA
L.L.C., PW&F CONSULTANTS OF
FLORIDA LLC, UAD SECURE
SERVICES LLC, UAD SECURE
SERVICE OF FL LLC, URB
MANAGEMENT, LLC, YCC SOLUTIONS
LLC, YFP SOLUTIONS LLC, KEVIN W.
GUICE, CHASE P. JACKOWSKI, LINDA
N. MCNEALY, CLARENCE H. WAHL,
KAREN M. WAHL, ROBERT GUICE and
TIMOTHY WOODS,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is the Receiver's Unopposed Verified Fourth Application for Payment for Services Rendered and Reimbursement for Costs Incurred. (Doc 287). After due consideration I respectfully recommend that the motion be granted.

### I. Background

Plaintiffs the Federal Trade Commission and Office of the Attorney General, State of Florida, Department of Legal Affairs brought this action for a permanent injunction and

other equitable relief pursuant to § 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2015) (Doc. 1). Plaintiffs alleged, in sum, that Defendants had engaged in a telemarketing scheme intended to defraud financially distressed consumers by selling them phony debt relief services (Id. at ¶ 3).

The significant events in this case include the Court's entry of a temporary restraining order in June of 2016 which, among other things, froze Defendants' assets and appointed the Receiver as temporary receiver for the corporate Defendants, their affiliates, subsidiaries, divisions and operations (Doc. 36 at 10-12, 18-22). In early July 2016, the Court entered a preliminary injunction which continued the asset freeze and converted the Receiver from a temporary to permanent receiver (Doc. 89 at 15-20).

One year later, the Receiver motioned the Court to establish summary procedures for the parties and Court to follow in connection with a to-be-filed motion to compel Defendant Kevin Guice and his wife, Shannon Guice to disgorge assets, for the imposition of a constructive trust, and for other equitable relief (Doc. 171). The Court granted the motion (Doc. 197), and the Receiver filed his motion for disgorgement and other relief (Doc. 198).

On December 7, 2018, the Court granted Plaintiffs' motion for summary judgment and entered a permanent injunction against Defendant Kevin Guice (Doc. 225).

In January 2019, I recommended that the Court grant the Receiver's disgorgement motion in part (Doc. 239). This matter remains pending before the Court.

In April 2019, the Court entered judgment for Plaintiffs and against Defendants Chase P. Jackowski, Linda N. McNealy, Clarence H. Wahl, Karen M. Wahl, Life

Management Services of Orange County, LLC, Loyal Financial & Credit Services, LLC, IVD Recovery, LLC, KWP Services, LLC, KWP Services of Florida LLC, LPSOFFLA LLC, LPSOFFLORIDA L.L.C., PW&F Consultants of Florida LLC, UAD Secure Services LLC, UAD Secure Service of FL LLC, URB Management, LLC, YCC Solutions LLC, YFP Solutions LLC, Robert Guice and Timothy Woods in the amount of $23,099,878 jointly and severally (Doc. 274).

Now before the Court is the Receiver's fourth application for payment in which he seeks $50,000 in fees and $346.87 to reimburse actual out-of-pocket expenses (Doc. 287 at 2). The application includes a $3,300 fee reduction made at Plaintiffs' request (Id.). No party opposes the motion (Id.).

## II. Legal Standard

"Whether a receiver merits a fee is based on the circumstances surrounding the receivership, and 'results are always relevant.'" SEC v. Elliot, 953 F.2d 1560, 1577 (11th Cir. 1992) (quoting SEC v. W. L. Moody & Co., Bankers (Unincorporated), 374 F. Supp. 465 (S.D. Tex. 1974), aff'd, 519 F.2d 1087 (5th Cir. 1975)).

The Court employs the lodestar approach as the first step in calculating a reasonable fee for a lawyer, or in this case, the Receiver's services. SEC v. Aquacell Batteries, Inc., No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008); Hensley v. Eckerhart, 461 U.S. 424 (1983); Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman, 836 F.2d at 1299; Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam).

"[T]he lodestar as calculated in Hensley presumptively includes all of the twelve

- 3 -

factors derived from the ABA Code of Professional Responsibility DR 2–106 (1980) and adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), except on rare occasions the factor of results obtained and, perhaps, enhancement for contingency." Norman, 836 F.2d at 1299. The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19 (abrogated on other grounds by Blanchard v. Bergeron, 109 S.Ct. 939, 489 U.S. 87, 103 L.Ed.2d 67 (1989)).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. A party may satisfy this burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Chemische Fabrik Budenheim KG v. Bavaria Corp. Intern., 6:08-CV-1182-ORL22DAB, 2010 WL 98991, at *4 (M.D. Fla. Jan. 6, 2010) (citing Norman, 836 F.2d at 1299). The fee applicant should "supply[] the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." Norman, 836 F.2d at 1303. Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion. Id. at 1299. "[T]he best information available to the court is usually a range of fees set by the market place...." Id. at 1301.

The time billed is viewed as "the most useful starting point for determining the amount of a reasonable fee." Hensley, 461 U.S. at 433. The fee applicant has the burden to adequately document the hours expended on the matter. Id. at 437. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman, 836 F.2d at 1303. "[E]xcessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed." Id. at 1301. In other words, fee applicants must exercise "billing judgment." ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Hensley, 461 U.S. at 434).

The court may assess the skills of the lawyers and the quality of the representation in the case before it when determining a reasonable hourly rate. See Turner v. Sec'y of Air Force, 944 F.2d 804, 808-09 (11th Cir. 1991) (affirming district court judgment that took into account counsel's work product, preparation, and general ability when setting an hourly rate). "The Court reserves higher rates for 'the most skilled attorneys litigating complex cases." Westlake v. Atlantic Recovery Sols., LLC, No. 8:15-cv-1626-T-33TBM, 2016 WL 279439, at *3 (M.D. Fla. Jan. 22, 2016) (citing Ottaviano v. Nautilus Ins. Co., 717 F. Supp. 2d 1259, 1270 (M.D. Fla. 2010)) (internal quotation marks omitted; emphasis in original).

"Ultimately, the computation of a fee award is necessarily an exercise in judgment because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). "Although a district court has wide discretion in performing these calculations, the court's order on attorney's fees must allow meaningful review–the district court must

- 5 -

articulate the decisions it made, give principled reasons for those decisions, and show its calculation." Moton v. Nathan & Nathan, P.C., 297 F. App'x 930, 932 (11th Cir. 2008) (quoting Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (internal citations and quotations omitted).

When determining whether the Receiver's expenses are appropriate for reimbursement, the Court considers whether sufficient information exists to determine that the expenses are actual and were necessarily incurred. Aquacell, 2008 WL 276026, at *3.

### III. Discussion

The Court has already found on three occasions that the Receiver's rate of $325 is reasonable for his services performed in this case (Docs. 118, 187, 223). I find no reason to deviate from this finding on this application.

The Receiver seeks compensation for 164 billable hours (Doc. 287-1). To support this request, he has provided his timekeeping records which include descriptions of the services provided, the dates upon which the work was performed, and the time increments for the services rendered (Id.). On review, I find the time claimed is reasonable. Other Johnson factors support the Receiver's fee application. The legal services rendered include the analysis of bank and accounting records, and legal issues related to the disgorgement motion that do not routinely appear in general commercial litigation. The work required a degree of skill beyond that of an average commercial litigation attorney, the case involves an eight-figure claim, and the successful recovery of multiple assets by the Receiver.

The Receiver's hours (164) multiplied by his rate ($350) produces $53,300 less the $3,300 discount the Receiver has agreed to, making a total of $50,000 for services performed over a little more than one year. On review, I find this fee is reasonable.

The Receiver also asks to be reimbursed for his mileage at the IRS approved rate for 2018 and oil and gas for a vehicle he recovered from Defendant Kevin Guice (Doc. 287 at 16). Again, I find these expenses reasonable and conclude that they should be reimbursed to the Receiver.

### IV. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court **GRANT** the Receiver's application for payment and award him $50,000 in fees and $346.87 in costs to be paid out of the receivership estate for services rendered for the period beginning January 1, 2018 and ending January 24, 2019.

### V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 2, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties