UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FEDERAL TRADE COMMISSION and OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, DEPARTMENT OF LEGAL AFFAIRS,**

        **Plaintiffs,**

v.                                        Case No: 6:16-cv-982-Orl-41GJK

**LIFE MANAGEMENT SERVICES OF ORANGE COUNTY, LLC, LOYAL FINANCIAL & CREDIT SERVICES, LLC, IVD RECOVERY, LLC, KWP SERVICES, LLC, KWP SERVICES OF FLORIDA LLC, LPSOFFLA LLC, LPSOFFLORIDA L.L.C., PW&F CONSULTANTS OF FLORIDA LLC, UAD SECURE SERVICES LLC, UAD SECURE SERVICE OF FL LLC, URB MANAGEMENT, LLC, YCC SOLUTIONS LLC, YFP SOLUTIONS LLC, KEVIN W. GUICE, CHASE P. JACKOWSKI, LINDA N. MCNEALY, CLARENCE H. WAHL, KAREN M. WAHL, ROBERT GUICE and TIMOTHY WOODS,**

        **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Respondent Heather Cline's Motion to Quash Subpoena ("Motion to Quash," Doc. 323). As set forth in this Court's October 29, 2019 Order (Doc. 311), Ms. Cline has already failed to appear, without good cause, for her previously-scheduled deposition. (*Id.* at 1). As a result, this Court held a telephonic hearing, where Ms. Cline appeared, and the gravity of her actions was explained. (*See* Min. Entry, Doc. 304). She then agreed

to attend an in-person deposition on December 10, 2019, at 1:00 p.m. at the Office of the Attorney General, 135 W. Central Blvd. Suite 1000, Orlando, Florida 32801. (Status Update, Doc. 306, at 1). In the subsequent Order, this Court warned Ms. Cline that failure to appear and fully participate in her deposition would "result in the imposition of sanctions, including but not limited to civil contempt and incarceration until Ms. Cline complies." (Doc. 311 at 1–2 (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("Where contempt consists of a refusal to obey a court order to testify at any stage in judicial proceedings, the witness may be confined until compliance."))). Ms. Cline was served by the United States Marshal on October 30, 2019, with the Court's Order and a copy of the subpoena commanding her presence at the deposition. (Proof of Service, Doc. 312).

Now, mere days before her deposition, Ms. Cline has filed her Motion to Quash. Ms. Cline asserts that she has Crohn's Disease and therefore cannot travel and represents that the Federal Trade Commission ("FTC") has refused to make special accommodations for her. However, Ms. Cline has never requested any accommodations from this Court or from the FTC other than to not appear at the deposition. (*See* Response, Doc. 325, at 2 n.2). Further, Ms. Cline provides absolutely no evidence of any medical problem that would prevent her from appearing at her deposition on December 10.

Under Federal Rule of Civil Procedure 45(d)(3)(A)(iv), a subpoena must be quashed if it "subjects a person to undue burden." Ms. Cline fails to establish that her deposition would subject her to undue burden. As noted, Ms. Cline fails to provide any medical documentation, and her vague description of her health problems fails to explain "whether her health would be jeopardized by submitting to a deposition. Such broad and conclusory statements alone do not merit a complete bar to a deposition." *Falin v. Condo. Ass'n of La Mer Estates, Inc.*, No. 11-61903-CIV, 2012 WL

13005987, at *2 (S.D. Fla. Jan. 12, 2012) (denying motion for protective order of deposition of party with dementia).

Ms. Cline's requests that she be permitted to answer questions in writing or attend the deposition telephonically are denied. Ms. Cline presents no evidence that such accommodations are necessary. Thus, the FTC may conduct an in-person deposition of Ms. Cline, as set forth in the subpoena and this Court's previous Order. (Doc. 311 at 2; Subpoena, Doc. 306-2). *See also In re Chevron Corp.*, No. 11-24599-CV, 2012 WL 3636925, at *13 (S.D. Fla. June 12, 2012) (decision of discovery method to use "lays exclusively" with party seeking discovery, absent authority to the contrary).

Moreover, Ms. Cline is again warned that **failure to appear and fully participate in her deposition will result in civil contempt and incarceration until she complies**.

Accordingly, it is **ORDERED** and **ADJUDGED** that Respondent Heather Cline's Motion to Quash Subpoena (Doc. 323) is **DENIED**. Given the immediacy of the deposition, the FTC is directed to send a copy of this Order to its most recent e-mail address for Ms. Cline, and if possible, notify Ms. Cline by phone that the Motion to Quash has been denied.

**DONE** and **ORDERED** in Orlando, Florida on December 9, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties