UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FEDERAL TRADE COMMISSION and
OFFICE OF THE ATTORNEY
GENERAL, STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS,**

**Plaintiffs,**

**v.**                                                    **Case No:  6:16-cv-982-Orl-41GJK**

**LIFE MANAGEMENT SERVICES OF
ORANGE COUNTY, LLC, LOYAL
FINANCIAL & CREDIT SERVICES,
LLC, IVD RECOVERY, LLC, KWP
SERVICES, LLC, KWP SERVICES OF
FLORIDA LLC, LPSOFFLA LLC,
LPSOFFLORIDA L.L.C., PW&F
CONSULTANTS OF FLORIDA LLC,
UAD SECURE SERVICES LLC, UAD
SECURE SERVICE OF FL LLC, URB
MANAGEMENT, LLC, YCC
SOLUTIONS LLC, YFP SOLUTIONS
LLC, KEVIN W. GUICE, CHASE P.
JACKOWSKI, LINDA N. MCNEALY,
CLARENCE H. WAHL, KAREN M.
WAHL, ROBERT GUICE and
TIMOTHY WOODS,**

**Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on the Amended Motion to Alter or Amend Judgment

("Motion to Amend Judgment," Doc. 370) and the Motion for Miscellaneous Relief ("Motion for

Extension of Time," Doc. 372), each filed by Defendant Kevin Guice and his spouse, Shannon

Guice (collectively, "the Guices").[1] This cause is also before the Court on the Emergency Motion for Stay Pending Appeal ("Motion to Stay," Doc. 373), filed by Kevin Guice. And finally, this cause is before the Court on the Receiver's Motion for Order Directing Marshals to Put Receiver Into Possession of Oriskany Drive Property ("Motion for Possession," Doc. 375) and the Receiver's Emergency Supplement (Doc. 385). For the reasons set forth below, the Motion to Amend Judgment, the Motion for Extension of Time, and the Motion to Stay will be denied; the Motion for Possession and Emergency Supplement will be granted.

## I.   BACKGROUND

The background of this case is set forth in detail in the Court's Order and Permanent Injunction (Doc. 225). (*Id.* at 2–4). Generally, the case involves Defendants' operation of a fraudulent enterprise engaged in selling debt-elimination services to consumers who had credit card debt, resulting in multiple violations of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 53(b), the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et. seq.*, and the Telemarketing Sales Rule, 16 C.F.R. § 310.1 *et seq.* (*See generally id.*). Kevin "was the ringleader of [this enterprise]." (Sept. 24, 2019 Order, Doc. 292, at 2).

Just after inception of the case, the Court appointed a Receiver, granting the Receiver "with the full power of an equity receiver" regarding the assets of the Corporate Defendants. (Temporary Restraining Order, Doc. 36, at 18). As part of his duties, the Receiver filed a Motion to Compel Disgorgement of Assets from Kevin Guice and His Spouse, Shannon Guice, and to Impose a Constructive Trust ("Motion to Compel Disgorgement," Doc. 198).

---

[1] Because Kevin Guice and Shannon Guice share a last name, the Court will hereinafter refer to these parties by their first names.

While the Motion to Compel Disgorgement was pending, this Court granted summary judgment in favor of Plaintiffs and against Kevin in the amount of $23,099,878.02 for his individual role in the fraudulent enterprise. (Doc. 225 at 36; Judgment in a Civil Case, Doc. 226, at 2). Along with the entry of judgment, the Court authorized the Receiver to take possession of and liquidate a list of Kevin's personal property. (Doc. 225 at 39, 42).

United States Magistrate Judge Thomas B. Smith then issued a Report and Recommendation ("R&R," Doc. 239) in which he recommended that the Court grant the Motion to Compel Disgorgement. (*Id.* at 21). Prior to the Court ruling on the R&R, Shannon filed a Chapter 13 Bankruptcy Petition.[2] (Suggestion of Bankruptcy, Doc. 241, at 1). "Once an individual files a bankruptcy petition, all proceedings against the bankrupt estate are stayed during the pendency of the bankruptcy proceedings." *Sussman v. Estate of Gaffney (In re Sussman)*, 816 F. App'x 410, 414 (11th Cir. 2020) (citing 11 U.S.C. § 362). Accordingly, the Court denied without prejudice the Motion to Compel Disgorgement insofar as the assets involved could implicate the interests of Shannon.[3] (Doc. 292 at 2). The Court indicated that the Receiver could renew the Motion to Compel Disgorgement "upon the conclusion of the bankruptcy proceedings." (*Id.*).

Thereafter, the Receiver filed a Motion for Relief from Order (Doc. 293), requesting relief from the Court's Order denying the Motion to Compel Disgorgement based upon the Bankruptcy Court's Order Granting Motion for Relief from Automatic Stay (Doc. 293-2), wherein the Bankruptcy Judge ordered that:

> The automatic stay is hereby modified to permit the district court to
> proceed to final adjudication with respect to the issues raised in and

---

[2] The Guices state that on July 1, 2019, Shannon's bankruptcy was converted to a Chapter 7 bankruptcy. (Doc. 298 at 2). This does not impact the issues currently before this Court.

[3] The Court also denied as moot the Motion to Compel Disgorgement insofar as it related to Kevin's individual assets because those assets were addressed by the Court's Order on summary judgment. (Doc. 292 at 2).

by the Receiver's Motion to Compel Disgorgement of Assets in the
Enforcement Action; PROVIDED THAT, nothing herein shall
operate to permit the Receiver to execute against any property of the
Debtor's bankruptcy estate.

(*Id.* at 2 (emphasis in original)). Accordingly, the automatic stay was lifted to allow the Court to

address the Motion to Compel and the Report and Recommendation thereon. (Disgorgement

Order, Doc. 368, at 6).

The Court granted in part the Motion to Compel Disgorgement, which, *inter alia*, ordered

the Guices to disgorge $8,593,352.60, imposed a constructive trust over the Guices' homestead

located at 3609 Oriskany Drive, Orlando, Florida 32820 ("the Oriskany Drive Property" or "the

Property"), and authorized the receiver to take control of the Property for the purpose of liquidating

it into cash. (*Id.* at 15–16). To effectuate this Order, the Receiver contacted the Guices and

provided a timeline by which the Guices were required to vacate the Property. (Dec. 10, 2020

Letter, Doc. 375-2, at 2–3). The Guices have refused to comply and, instead, filed the currently-

pending Motion to Amend Judgment and Motion to Stay.

## II.   MOTION FOR EXTENSION OF TIME

First, via the Motion for Extension of Time, the Guices seek an extension of time to file

their Motion to Amend Judgment. The Motion to Amend Judgment fails to cite the rule or authority

pursuant to which it is brought. If it is brought pursuant to Federal Rule of Civil Procedure 59(e),

which addresses motions to alter or amend a judgment, it "must be filed no later than 28 days after

the entry of the judgment." However, because the Guices are *pro se* parties and are required to

serve documents via mail, three additional days are "added after the period would otherwise

expire." Fed. R. Civ. P 6(d). The Disgorgement Order—which is what the Motion to Amend

Judgment seeks to change—was entered on November 30, 2020, so the deadline for filing the

Motion to Amend Judgment under Rule 59(e) was December 31, 2020. The Motion to Amend

Judgment was timely filed on December 30, 2020. Further, if the Motion to Amend Judgment is brought under Rule 60, which in the context of this Order deals with motions for reconsideration, the deadline to file is more generous, requiring filing "within a reasonable time." Thus, under either Rule, the Motion to Amend Judgment was timely filed and the Motion for Extension of Time will be denied as moot.

### III.    MOTION TO AMEND JUDGMENT

The Court will now address the merits of the Motion to Amend Judgment, which in substance is seeking reconsideration of the Disgorgement Order. Therein, the Guices merely rehash arguments they made in their Response to the Motion to Compel Disgorgement, which were already addressed by the Court in the Disgorgement Order. This is not a proper basis for reconsideration. *Tharpe v. Nationstar Mortg. LLC*, 718 F. App'x 814, 817 (11th Cir. 2017) ("[T]he district court did not abuse its discretion in denying [the plaintiff's] motion for reconsideration, which simply rehashed arguments he made in opposition to [the defendant's] summary judgment motion."); *Richardson v. Johnson*, 598 F.3d 734, 740, (11th Cir. 2010) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." (quotation omitted)).

Thus, the Motion to Amend Judgment will be denied. The Court now turns to the Guices' Motion to Stay.

### IV.    MOTION TO STAY

The Motion to Stay seeks a stay of "all proceedings, including vacating of the homestead property at 3609 Oriskany Dr., before this matter, pending the outcome of the Motion to A[mend] Judgment . . . [and] the outcome of the appeal in the Eleventh Circuit." (Doc. 373 at 2). In light of the Court's denial of the Motion to Amend Judgment, the Motion to Stay is moot insofar as it seeks

a stay pending that ruling. Thus, the Court will only address the Motion to Stay insofar as it requests a stay pending the appeal of this matter to the Eleventh Circuit.

The Motion to Stay cites the Florida Rules of Appellate Procedure, which do not apply here in Federal Court. Instead, Federal Rule of Civil Procedure 62 governs. That Rule provides in relevant part that "a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). Kevin has not provided a bond or security nor has he addressed the issue in the Motion to Stay.

To the extent this case could fall under Rule 62(c)–(d), Kevin has also not met his burden for a stay. Thereunder, "[w]hile an appeal is pending from [a] . . . final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). The Court finds that the opposing parties' rights cannot be secured here. Not only have the Guices indicated that they have no ability to pay the $8,593,352.60 that they have been ordered to disgorge, (Doc. 368 at 15), it also appears that they are either attempting to surreptitiously sell the Oriskany Drive Property or to further encumber it in direct violation of this Court's Disgorgement Order. (*See generally* Mem. of MVR Homeowner Benefit Agreement, Doc. 385-1 (indicating that it is a real estate broker agreement signed by the Guices that "run[s] with the land and . . . bind[s] future successors-in-interest to title to the Property"); Response, Doc. 386, at 1–3 (claiming that they were not listing the home for sale but instead agreed to the terms of the MVR Homeowner Benefit Agreement in exchange for a monetary payment).

Moreover, Courts have considered the following factors when determining whether to grant a stay involving non-monetary relief: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Martin v. Kemp*, No. 1:18-cv-4776-LMM, 2018 U.S. Dist. LEXIS 233337, at *4 (N.D. Ga. Oct. 30, 2018) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). These factors weigh against granting a stay. Kevin has shown no likelihood of success on the merits of his appeal, a stay will substantially injure the victims in this case, and the public interest certainly lies in favor of allowing the Receiver to recoup what little money is left on behalf of the victims. Any harm to the Guices that will result does not outweigh the other factors.

Finally, the Motion to Stay cites the Centers for Disease Control and Prevention's ("CDC") Agency Order, Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 FR 55292-01 ("CDC Order"). The CDC Order does not apply here. It only applies to a "covered person," and is further limited to individuals who are being "evicted for . . . not paying rent or making a housing payment." *Id.* Kevin is not a covered person under the order, and he is not being evicted for failure to make a rent or housing payment. Similarly the U.S. Department of Housing and Urban Development's ("HUD") moratorium on foreclosures and evictions, Mortgage Letter 2020-04, does not apply because this case does not involve the foreclosure of a mortgage. *Id.*

In sum, Kevin has not met his burden to show that a stay pending appeal is appropriate here. The Motion to Stay will be denied.

## V.    MOTION FOR POSSESSION

Finally, in the Motion for Possession, the Receiver explains that the Guices have failed to comply with the Disgorgement Order and asks the Court to order the following relief: (1) directing the Guices and their dependents to remove themselves and their personal property from the Oriskany Drive Property; and (2) directing the United States Marshals to place the Receiver into possession of the Oriskany Drive Property, including physically removing the Guices, if necessary.

In the Disgorgement Order, the Court imposed a constructive trust over the Oriskany Drive Property and authorized the Receiver to take control over the property. It has become clear that the Guices are refusing to leave, in violation of the Disgorgement Order. (*See* Doc. 375-2 at 2–3 (notifying the Guices on December 10, 2020, of the schedule to vacate the Property by January 7, 2021); Dec. 23, 2020 E-mail, Doc. 375-3, at 2 (indicating that the Guices had not responded to the December 10, 2020 Letter and reiterating that if the Guices did not vacate the Property by January 7, 2021, the Receiver would seek assistance from the Court for their removal)). Indeed, the Guices themselves have indicated that they have not vacated the Property. (*See generally* Doc. 373 (arguing that the Guices cannot be removed from the Oriskany Drive Property due to the CDC and HUD eviction moratoriums)). Finally, and most alarming, the Guices entered a contract with a real estate agent purportedly for the sale of the Oriskany Drive Property, which they signed and recorded in the public record just days after the Disgorgement Order was entered. (*See generally* Doc. 385-1). The Guices are clearly violating this Court's Orders, which will not be permitted.

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Williams v. Monger Entm't Grp., Inc.*, No. 1:18-cv-0226-LMM, 2019 U.S. Dist. LEXIS 235489, at *3 (N.D. Ga. Jan. 9, 2019) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). "A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding

court order." *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992). Based on the overwhelming evidence discussed above, the Receiver has met his burden here.

"The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief. This may entail the doing of a variety of acts, . . . [including] coercive incarceration." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (quotation omitted). Given the Guice's blatant disregard for this Court's Orders, including the Disgorgement Order and previous orders, (*see* June 26, 2019 Order, Doc. 286 at 1–2 (indicating that Kevin Guice refused to comply with previous orders without Court intervention)), the Court finds that the Receiver's requested remedy of directing the United States Marshals to put the Receiver into possession of the Oriskany Drive Property is appropriate. The Motion for Possession and Emergency Supplement will be granted.

## VI.   CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Amended Motion to Alter or Amend Judgment (Doc. 370) and the Emergency Motion for Stay Pending Appeal (Doc. 373) are **DENIED**.

2.  The Motion for Miscellaneous Relief (Doc. 372) is **DENIED as moot**.

3.  The Receiver's Motion for Order Directing Marshals to Put Receiver Into Possession of Oriskany Drive Property (Doc. 375) and the Receiver's Emergency Supplement (Doc. 385) are **GRANTED**.

4.  **On or before Monday, February 1, 2021, at noon**, Kevin and Shannon Guice, their dependents, and all individuals therein shall remove themselves, their family

members, and their personal property from the real property located at 3609 Oriskany Drive, Orlando, Florida 32820.

5. **Any personal property remaining at the Oriskany Drive Property after noon on February 1, 2021, shall be deemed abandoned.** The Receiver is authorized to dispose of any personal property remaining at the Oriskany Drive Property after noon on February 1, 2021, including selling it and retaining the sale proceeds for the receivership estates.

6. **On Monday, February 1, 2021, at 1:00 PM,** the United States Marshal shall accompany the Receiver to the Oriskany Drive Property to place the Receiver into possession of the Property, including physically arresting and removing the Guices and any other individuals unlawfully on the Property if necessary.

7. If coercive incarceration of any individuals is necessary to effectuate this Order, the United States Marshal is directed to transport any arrested individual to the George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida, 32801, to appear before the undersigned.

8. The Clerk is directed to send a copy of this Order via overnight certified mail addressed to Kevin and Shannon Guice at 3609 Oriskany Drive, Orlando, Florida, 32820, and via e-mail to kwguice@bellsouth.net.

**DONE** and **ORDERED** in Orlando, Florida on January 29, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties
Shannon and Kevin Guice via overnight certified mail
kwguice@bellsouth.net
The United States Marshal (certified copy)