UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,
and OFFICE OF THE ATTORNEY
GENERAL, STATE OF FLORIDA,
DEPARTMENT OF LEGAL
AFFAIRS,

             Plaintiffs,

v.                              Case No:   6:16-cv-982-CEM-GJK

LIFE MANAGEMENT SERVICES
OF ORANGE COUNTY, LLC,
LOYAL FINANCIAL & CREDIT
SERVICES, LLC, IVD RECOVERY,
LLC, KWP SERVICES, LLC, KWP
SERVICES OF FLORIDA LLC,
LPSOFFLA LLC, LPSOFFLORIDA
L.L.C., PW&F CONSULTANTS OF
FLORIDA LLC, UAD SECURE
SERVICES LLC, UAD SECURE
SERVICE OF FL LLC, URB
MANAGEMENT, LLC, YCC
SOLUTIONS LLC, YFP
SOLUTIONS LLC, KEVIN W.
GUICE, CHASE P. JACKOWSKI,
LINDA N. MCNEALY, CLARENCE
H. WAHL, KAREN M. WAHL,
ROBERT GUICE and TIMOTHY
WOODS,

             Defendants.

_____

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RECEIVER'S UNOPPOSED VERIFIED SIXTH APPLICATION FOR PAYMENT FOR SERVICES RENDERED AND REIMBURSEMENT FOR COSTS INCURRED (Doc. No. 399)** |
| **FILED:** | **August 20, 2021** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    BACKGROUND

On June 7, 2016, Plaintiffs, the Federal Trade Commission and Office of the Attorney General, State of Florida, Department of Legal Affairs, brought this action for a permanent injunction and other equitable relief pursuant to § 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b); the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101–6108; and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2015). Doc. No. 1. Plaintiffs alleged that Defendants engaged in a telemarketing scheme intended to defraud financially distressed consumers by selling them phony debt relief services. *Id.* at ¶ 3.

On June 8, 2016, the Court entered a temporary restraining order, which, among other things, froze Defendants' assets and appointed Mark J. Bernet, Esq., (the "Receiver") as temporary receiver for the corporate Defendants, their

affiliates, subsidiaries, divisions, and operations. Doc. No. 36 at 10-12, 18-22. On July 6, 2016, the Court entered a preliminary injunction which continued the asset freeze and converted the Receiver from a temporary to a permanent receiver (the "Order"). Doc. No. 89 at 15-20. The Order states that the Receiver is "entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by [him], from the assets now held by, in the possession or control of, or which may be received by, Corporate Defendants." *Id.* at 24.

On June 7, 2017, the Receiver moved for the Court to establish summary procedures for the parties and Court to follow in connection with a to-be-filed motion to compel Defendant Kevin Guice and his wife, Shannon Guice, to disgorge assets, for the imposition of a constructive trust, and for other equitable relief. Doc. No. 171. On June 5, 2018, the Court granted the motion, Doc. No. 197, and on June 7, 2018, the Receiver filed his motion for disgorgement and other relief. Doc. No. 198.

On December 7, 2018, the Court granted Plaintiffs' motion for summary judgment and entered a permanent injunction against Defendant Kevin Guice. Doc. No. 225. On January 24, 2019, Magistrate Judge Thomas B. Smith entered a Report and Recommendation recommending that the Court enter an order (i) granting the Receiver's Motion to Compel Disgorgement, (ii) directing the Guices

to disgorge almost $8.6 million, and (iii) imposing a constructive trust over the Guices' assets in favor of the Receiver.[1]  Doc. No. 239 at 21.

On January 23, 2019, Shannon Guice filed for Chapter 13 bankruptcy. Doc. No. 393 at 9. The Receiver investigated Shannon Guice's eligibility to file for Chapter 13 bankruptcy, including her false sworn statement that she was employed by Pinnacle Business Funding LLC and was earning $78,000 a year. *Id.* at 10. The Receiver prepared and filed a motion to dismiss the bankruptcy case and a motion seeking relief from the automatic stay for the limited purpose of permitting this Court to rule on the January 24, 2019 Report and Recommendation. *Id.* at 11. The bankruptcy court granted the stay relief motion, and the motion to dismiss ultimately was denied as moot after Shannon Guice converted her Chapter 13 case to a Chapter 7 liquidation. *Id.* The Receiver also prepared a proof of claim and an Objection to Confirmation of the Chapter 13 Plan. *Id.*

On February 22, 2019, the Court granted the Receiver's ex parte Motion to Compel Turnover or Disgorgement of Concealed Safe and its Contents from Kevin Guice, to Impose Constructive Trust, and for Authority to Take Possession of Same (the "Motion for Break Order"). Doc. No. 252. On March 1, 2019, the Receiver,

---

[1] On September 24, 2019, the Court terminated the Report and Recommendation because most of the assets were previously addressed in the Court's Order and Permanent Injunction, and the remaining assets could implicate Shannon Guice's recent bankruptcy proceeding. Doc. No. 292.

pursuant to the Court's Order granting the Motion for Break Order, entered the Guices' house and located and removed the gun safe, a previously undisclosed handgun, ammunition, and approximately $10,000 cash. Doc. No. 393 at 13. The Receiver also discovered evidence that Kevin Guice was operating a new telemarketing company named Four19 Solutions LLC. *Id.* at 13-14.

On February 23, 2019, an auction that the Receiver appeared at and participated in the marketing of was held and netted approximately $105,000 for the receivership estates. Doc. No. 393 at 8. On April 23, 2019, the Court entered judgment for Plaintiffs and against Defendants Chase P. Jackowski; Linda N. McNealy; Clarence H. Wahl; Karen M. Wahl; Life Management Services of Orange County, LLC; Loyal Financial & Credit Services, LLC; IVD Recovery, LLC; KWP Services, LLC; KWP Services of Florida LLC; LPSOFFLA LLC; LPSOFFLORIDA L.L.C.; PW&F Consultants of Florida LLC; UAD Secure Services LLC; UAD Secure Service of FL LLC; URB Management, LLC; YCC Solutions LLC; YFP Solutions LLC; Robert Guice; and Timothy Woods in the amount of $23,099,878 jointly and severally. Doc. No. 274.

On June 15, 2019, the Receiver conducted a second auction sale, which netted $52,717.50. Doc. No. 399 at 8-9. Regarding Shannon Guice's bankruptcy case, the Receiver persuaded the bankruptcy court to extend the deadline to bring a complaint objecting to the dischargeability of the judgment against her until this

Court ruled on the Motion to Compel Disgorgement. *Id.* at 12-13. Also in the bankruptcy case, the Receiver attempted to conduct discovery. *Id.* at 13.

The Receiver also investigated whether the Guices were violating the permanent injunction. *Id.* at 13-15. The Receiver interviewed and deposed witnesses, served a records subpoena on Shannon Guice, and attended witness depositions. *Id.* From April 1, 2019, through November 30, 2020, the Receiver liquidated assets, interviewed witnesses and verified their statements through a forensic accounting analysis, negotiated with the U.S. Attorney, and presented all of this to Plaintiffs and the Court. *Id.* at 18.

On November 30, 2020, the Court granted the Receiver's Motion to Compel Disgorgement. Doc. No. 368. The Guices were ordered to return or disgorge $8,593,352.60. *Id.* at 15. A constructive trust was imposed on the Guices' home and the Receiver was authorized to take control of the property and liquidate it into cash. *Id.* at 16.

On August 20, 2021, the Receiver filed a sixth application for payment in which he seeks $70,088.00 in fees and $929.44 in expenses for services rendered from April 1, 2019, through November 30, 2020.[2] Doc. No. 399 at 1; Doc. No. 399-

---

[2] The Court previously awarded the Receiver fees for services rendered from June 8, 2016, through March 29, 2019. Doc. Nos. 118, 187, 223, 289, 397.

1. The Receiver also asks that the Court hold back "$18,772.00, to be addressed by the Court at the conclusion of the case." Doc. No. 399 at 1. The Receiver states that the holdback will permit the parties and the Court to "retain flexibility to determine a proper amount for the Receiver to be paid when all of the work on this matter is completed." *Id.* at 6. The Receiver represents that he made a reasonable effort to confer with all parties that may be effected by his request and none of the parties advised that they objected. *Id.* at 23. No party filed a response to the Motion.

## II.    <u>STANDARD OF REVIEW</u>

A receiver is entitled to compensation for the work performed with respect to the receivership. *S.E.C. v. Elliott*, 953 F.2d 1560, 1576-77 (11th Cir. 1992). Nevertheless, "[n]o receivership is intended to generously reward court-appointed officers." *S.E.C. v. W.L. Moody & Co.*, 374 F. Supp. 465, 485 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir. 1975). At a minimum, a claim for receivership expenses must be supported by sufficient information for the Court to determine that the expenses are an actual and necessary cost of preserving the receivership estate. *See generally In re Se. Banking Corp.*, 314 B.R. 250, 271 (S.D. Fla. 2004).

Federal courts have adopted the familiar lodestar method to determine the reasonableness of the attorney's fees requested, which involves multiplying "the number of hours reasonably expended by a reasonable hourly rate." *Loranger v.*

*Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

To meet the burden of proving a reasonable hourly rate, the moving party must produce "satisfactory evidence" that the hourly rate being requested is in line with "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Id.* at 1299. This Court may also "award attorney's fees based solely on affidavits in the record." *Id.* at 1303. In making such determinations, the Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended. *Norman*, 836 F.2d at 1303; *Loranger*, 10 F.3d at 782.

When submitting the hours reasonably expended by the moving party's attorney, the moving party must exercise "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). This requires the moving party to exclude hours that are "redundant, excessive, or otherwise unnecessary." *Id.* The Court will excise redundant, excessive, or unnecessary hours when a party fails to do so. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). In proving reasonable hours, a movant "should have maintained records to show the time spent on the different claims, and the general subject matter of the time

expenditures ought to be set out with sufficient particularity so [the court] can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

### III.   ANALYSIS

#### A. Attorney's Fees

##### 1.   Reasonable Hourly Rate

The Receiver maintains that his requested hourly rate of $325.00 represents a $245.00 discount from his 2018/2019 standard rate of $550.00, and a discount of $265.00 from his standard rate of $570 per hour. Doc. No. 399 at 2 n.1. The Receiver is a 1986 graduate of Notre Dame Law School and has served as a receiver for eighteen years. *Id.* at 6, 20. The Receiver's hourly rate is reasonable for his services in this case.

##### 2.   Reasonable Number of Hours

The Receiver expended at least 288.8 hours of work on this case from April 1, 2019, through November 30, 2020. Doc. No. 399 at 17; Doc. No. 399-1. In support of the hours expended, the Receiver provides an itemized timesheet. Doc. No. 399-1. The hours expended by the Receiver are reasonable.

Based upon the reasonable hourly rate and the reasonable hours expended, the Court recommends awarding the Receiver $93,860.00 in attorney's fees. The Receiver asks that the Court permit him to pay himself eighty percent of this amount, or $70,088.00, and direct the remaining twenty percent ($18,772.00), to be

retained as a "holdback" to be addressed by the Court at the conclusion of the case. Doc. No. 399 at 1, 22.

### B. Reasonable Expenses

The Receiver requests an award of out-of-pocket expenses of $929.44, representing mileage for his eight trips to the Orlando federal courthouse and parking at the Orlando federal courthouse. Doc. No. 399-2 at 5. The Receiver requests to be reimbursed mileage at the IRS rate of fifty-eight cents per mile and states that he incurred mileage of 196 miles on each of his roundtrips from Tampa to Orlando. *Id.* In support of his request, the Receiver provides an affidavit and itemization of costs. *Id.* He also asks to be reimbursed for $20.00 in parking fees. *Id.* at 5. Based on this evidence, the expenses incurred are reasonable. Accordingly, it is recommended that the Court award the Receiver $929.44 in expenses.

### IV.   <u>CONCLUSION</u>

Based on the forgoing, it is **RECOMMENDED** that the Court **GRANT** the Motion (Doc. No. 399) as follows:

1.   Award the Receiver $93,860.00 in attorney's fees;

2.   Award the Receiver $929.44 in expenses; and

3.   Permit the Receiver to immediately collect $75,088.00 plus the $929.44 in expenses from the proceeds of the receivership estate and hold back $18,772.00, to be addressed by the Court at the conclusion of the case.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on September 17, 2021.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties