UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,
and OFFICE OF THE ATTORNEY
GENERAL, STATE OF FLORIDA,
DEPARTMENT OF LEGAL
AFFAIRS,

          Plaintiffs,

v.                                Case No:   6:16-cv-982-CEM-GJK

LIFE MANAGEMENT SERVICES
OF ORANGE COUNTY, LLC,
LOYAL FINANCIAL & CREDIT
SERVICES, LLC, IVD RECOVERY,
LLC, KWP SERVICES, LLC, KWP
SERVICES OF FLORIDA LLC,
LPSOFFLA LLC, LPSOFFLORIDA
L.L.C., PW&F CONSULTANTS OF
FLORIDA LLC, UAD SECURE
SERVICES LLC, UAD SECURE
SERVICE OF FL LLC, URB
MANAGEMENT, LLC, YCC
SOLUTIONS LLC, YFP
SOLUTIONS LLC, KEVIN W.
GUICE, CHASE P. JACKOWSKI,
LINDA N. MCNEALY, CLARENCE
H. WAHL, KAREN M. WAHL,
ROBERT GUICE and TIMOTHY
WOODS,

          Defendants.
_____

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **RECEIVER'S UNOPPOSED SECOND APPLICATION FOR PAYMENT FOR SERVICES RENDERED AND REIMBURSEMENT FOR COSTS INCURRED BY AKERMAN LLP (Doc. No. 400)**
>
> **FILED:** August 20, 2021
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

On June 7, 2016, Plaintiffs, the Federal Trade Commission and Office of the Attorney General, State of Florida, Department of Legal Affairs, brought this action for a permanent injunction and other equitable relief pursuant to § 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b); the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101–6108; and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2015). Doc. No. 1. Plaintiffs alleged that Defendants engaged in a telemarketing scheme intended to defraud financially distressed consumers by selling them phony debt relief services. *Id.* at ¶ 3.

On June 8, 2016, the Court entered a temporary restraining order, which, among other things, froze Defendants' assets and appointed Mark J. Bernet, Esq., (the "Receiver") as temporary receiver for the corporate Defendants, their

affiliates, subsidiaries, divisions, and operations. Doc. No. 36 at 10-12, 18-22. On July 6, 2016, the Court entered a preliminary injunction which continued the asset freeze and converted the Receiver from a temporary to a permanent receiver (the "Order"). Doc. No. 89 at 15-20. To perform his duties, the Receiver is authorized to employ professionals, including attorneys, as he deems advisable or necessary. Doc. No. 36 at 19; Doc. No. 89 at 17.

The Receiver engaged his law firm, Akerman LLP, to work on various receivership matters. Doc. No. 167 at 2. On August 20, 2021, the Receiver filed a second application for payment to Akerman for services rendered and costs incurred (the "Motion"). Doc. No. 400. The Receiver requests permission to pay Akerman $35,658.00 for its services plus $1,120.83 for costs incurred. *Id.* at 1-2. The Receiver does not seek compensation for services rendered by him personally; the request is solely for work performed by Akerman in its capacity as counsel for the Receiver. *Id.* at 2-3. The Motion is verified and includes timesheets detailing the dates upon which Akerman provided services, the persons rendering the services, the time billed to perform each service, the fee charged for the service, and an itemization of the costs incurred. Doc. No. 400 at 19; Doc. No. 400-1. The Receiver represents that none of the parties advised that they object to the Motion, Doc. No. 400 at 18, and no responses were filed to it.

## II. STANDARD OF REVIEW

Federal courts adopted the familiar lodestar method to determine the reasonableness of the attorney's fees requested, which involves multiplying "the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

To meet the burden of proving a reasonable hourly rate, the moving party must produce "satisfactory evidence" that the hourly rate being requested is in line with "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Id.* at 1299. This Court may also "award attorney's fees based solely on affidavits in the record." *Id.* at 1303. In making such determinations, the Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended. *Norman*, 836 F.2d at 1303; *Loranger*, 10 F.3d at 782.

When submitting the hours reasonably expended by the moving party's attorney, the moving party must exercise "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). This requires the moving party to exclude hours that are "redundant, excessive, or otherwise unnecessary." *Id.* The Court will excise

redundant, excessive, or unnecessary hours when a party fails to do so. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). In proving reasonable hours, a movant "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so [the court] can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

### III. ANALYSIS

#### A. Attorney's Fees

1. <u>Reasonable Hourly Rate</u>

The Receiver requests the following rates for the following timekeepers in the Motion:

| Timekeeper | Role | Requested Rate Per Hour |
| --- | --- | --- |
| Katherine Giddings | Attorney | $750 |
| Diane G. DeWolf | Attorney | $385 |
| Leslie Schultz-Kin | Attorney | $295 |
| Suzanne Miller | Paralegal | $150 |
| Serena Vasquez | Paralegal | $150 |

Doc. No. 400 at 9-13. Included in the timesheets and the total amount requested, but not discussed in the Motion, is "J. Stahl," for which the Receiver lists a rate of $160 per hour. Doc. No. 400-1 at 14, 19.

The Receiver includes biographical information and a description of the services rendered by the timekeepers, except for J. Stahl. Doc. No. 400 at 8-13. The rates requested for the timekeepers described in the Motion are reasonable for their services rendered in this case, with the exceptions of J. Stahl, Suzanne Miller, and Serena Vasquez. As no information is provided regarding J. Stahl, there is no basis upon which to determine a reasonable rate for J. Stahl's services. Therefore, J. Stahl's time will be excluded from the lodestar calculation.

Regarding the paralegals Miller and Vasquez's rate, on June 12, 2017, Magistrate Judge Thomas B. Smith, on the Receiver's first application for payment of fees to Akerman, recommended that the rate awarded for Miller's paralegal work be $125 per hour. Doc. No. 172 at 8. No objections were filed to the report and recommendation, and on October 30, 2017, the Court adopted it. Doc. No. 187. Although the Receiver states that the $150 rate requested for the paralegals in the Motion is per the Court's prior ruling, no information is provided for increasing the paralegal rate from the $125 previously awarded to $150. Doc. No. 400 at 12-13. Thus, a reasonable hourly rate for Miller's services remains $125 per hour and is also a reasonable rate for Vasquez's services.

2. <u>Reasonable Number of Hours</u>

The timesheets attached to the Motion list the dates upon which the law firm provided services, the timekeepers rendering the services, the time billed to perform each service, and the fee charged for the service. Doc. No. 400-1 at 4-19. The following hours expended by Akerman and as listed on the timesheets are reasonable: Katherine Giddings—9.3; Diane G. DeWolf—32.4; Leslie Schultz-Kin—16.8; Suzanne Miller—63.9; and Serena Vasquez—10.8.

3. <u>The Lodestar</u>

The following chart shows the reasonable hourly rate and the reasonable hours expended:

| Timekeeper | Rate Per Hour | Number of Hours | Total |
|---|---|---|---|
| Katherine Giddings | $750 | 9.3 | $6,975 |
| Diane G. DeWolf | $385 | 32.4 | $12,474 |
| Leslie Schultz-Kin | $295 | 16.8 | $4,956 |
| Suzanne Miller | $125 | 63.9 | $7,987 |
| Serena Vasquez | $125 | 10.8 | $1,350 |
|  |  |  | $33,742 |

Thus, it is recommended that Akerman be awarded the lodestar amount of $33,742 in attorney's fees.

### B. Reasonable Expenses

The Receiver requests an award of out-of-pocket expenses to Akerman of $1,120.83, representing charges for copying, serving subpoenas, court reporters, postage, Federal Express, parking, and cookies during depositions. Doc. No. 400 at 17; Doc. No. 400-1 at 16-19. In support, the Receiver provides an itemization of costs that totals $1,093.62, not the requested $1,120.83. Doc. No. 400-1 at 16-19. Based on the itemization of costs, the expenses incurred are reasonable, except for the cookies which, however delicious, should not be paid from the receivership estates. Totaling the expenses listed on the itemized statement, less the cookies, results in $1,078.95. Accordingly, it is recommended that the Court award Akerman $1,078.95 in expenses.

### IV. <u>CONCLUSION</u>

Based on the forgoing, it is **RECOMMENDED** that the Court **GRANT IN PART AND DENY IN PART** the Motion (Doc. No. 399) as follows:

1. Award Akerman $33,742 in fees;

2. Award Akerman $1,078.95 in expenses; and

3. In all other respects, that the Motion be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on September 22, 2021.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties